# EXHIBIT 1

Affidavit of Dr. Richard Carrier in Support of Plaintiff's Brief in Opposition Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DR. RICHARD CARRIER | |
| Plaintiff, | |
| -vs- | Case No. 22:16-cv-00906-MHW-EPD |
| FREETHOUGHTBLOGS NETWORK, PAUL Z. MYERS, PH.D., THE ORBIT, STEPHANIE ZVAN, SKEPTICON, INC., LAUREN LANE, and AMY FRANK-SKIBA | JUDGE Michael H. Watson |
| Defendants | |

**AFFIDAVIT OF DR. RICHARD CARRIER IN SUPPORT OF PLAINTIFF'S BRIEF IN OPPOSITION DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Dr. Richard Carrier being first duly sworn, deposes and states on personal knowledge as follows:

1. Affiant states, I am over the age of eighteen (18) years, I have never been convicted of a crime involving fraud or dishonest, and I am competent to testify as to all matters set forth herein.

2. Affiant states, at all times relevant to this sworn statement, I accessed the Internet while physically located at my home in Columbus, Ohio.

3. Affiant states, at no time ever have I utilized, nor caused to be utilized, any service or technique to manipulate Internet search engine results. All of the Exhibits attached to my Complaint were generated as so indicated, by entering only basic and conventional search parameters.

4. Affiant states, on December 8, 2016, I accessed the URL, https://support.google.com/trends/answer/4355213?hl=en&ref_topic=6248052.

5. Affiant states, Google® Trends data exhibits slight variances, each time a repot is generated, due to random sampling. Search terms with low volume are excluded, as are repeated searches for the same person over a short period of time.

6. Affiant states, a true and correct copy of the webpage as I observed it on December 8, 2016 is attached hereto marked **Affidavit Exhibit A**. Affiant further states, on December 8, I generated a Google® Trends report for the same time span as Exhibit 20 to my Complaint. Affiant further states, the report shows slightly different but substantially the same results, for the otherwise identical report, as results differ slightly each time a report is generated. Affiant further states, a true and correct copy of the webpage as I observed it on December 8, 2016 is attached hereto marked **Affidavit Exhibit AA**.

*Plaintiff's Exhibit 20*

7. Affiant states, on August 12, 2016, I ran a Google® Trends report using the search term "Richard Carrier" for the preceding thirty days (July 12 through August 12, 2016).

8. Affiant states, Defendants' defamatory statements, as alleged in my Complaint, occurred, in pertinent part, between June 15 and July 30, 2016. Observing the effects of Defendants' defamation over a thirty-day period from July 12 to August 12, 2016 is therefore reasonable.

9. Affiant states, the effects of Defendants' defamation were pronounced, and show disproportionate harm occurred in Ohio during the reporting period.

10. A true and correct copy of the webpage as I observed it on August 12, 2016 is attached to Plaintiff's Complaint marked **Exhibit 20**.

11. Affiant states, on December 8, 2016, I duplicated the above steps to run another Google® Trends report using the search term "Richard Carrier" for the preceding thirty-days (November 8 through December 8, 2016).

12. Affiant states, a true and correct image of the webpage as I observed it on December 8, 2016 is attached hereto marked **Affidavit Exhibit B**.

13. Affiant states, as Exhibit B pertains to December 8, 2016, the report differs from the month proximate to the defamation.

14. Affiant states, notably, the results of Exhibit B show a greater impact from Ohio than California, and shows search volume from Ohio as among the top three states (for the period November 8 through December 8, 2016).

15. Affiant states, on December 9, 2016, I ran a Google® Trends report using the search term "Richard Carrier" for the period January 1 through December 31, 2015.

16. Affiant states, as the Google® Trends report shows, long before relocating my residence to Ohio, my professional prominence was greater in Ohio than California.

17. Affiant states, a true and correct image of the webpage as I observed it on December 9, 2016 is attached hereto marked **Affidavit Exhibit C**.

*Plaintiff's Exhibit 21*

18. Affiant states, on August 15, 2016, I ran a Google® Trends report using the search term "Skepticon" for the preceding ninety days.

19. Affiant states, the report indicates a disproportionate number of Ohioans were exposed to Skepticon's defamatory statements concerning me, more than any other

3

state except Missouri, which is where Skepticon, Inc. is headquartered.

20. Affiant states, Defendants Skepticon and Lane published defamatory statements about me, as alleged in my Complaint, in pertinent part, on June 20, 2016.

21. Affiant states, the Google® Trends report shows a more sustained interest in Skepticon beginning on or about June 20, 2016.

22. Affiant states, the effects of Defendants' defamation were pronounced, and show disproportionate harm occurred in Ohio during the reporting period.

23. A true and correct copy of the webpage as I observed it on August 15, 2016 is attached to Plaintiff's Complaint marked **Exhibit 21**.

24. Affiant states, on December 8, 2016, I performed a general Google® search using the term "richard carrier." Affiant further states, the top seven (7) hits included two of the defamatory statements (matching Complaint Exhs. 2 & 5), as well as another prominent article concerning the defamatory statements. Affiant further states, a true and correct copy of the webpage as I observed it on December 8, 2016 is attached hereto marked **Affidavit Exhibit Z**.

25. Affiant states, as alleged in my Complaint, since 2005, I have had professional relationships and valid ongoing business expectancies with Ohio organizations that include the Secular Student Alliance ("SSA"), and the SSA's hundreds of campus affiliates, and Camp Quest and its many regional affiliates, and other community and campus organizations, which have been my principal source of speaking and direct sales income. Affiant further states, I have had professional relationships and valid ongoing business expectancies with other Ohio organizations that include PolyColumbus, The Columbus Space for Alternative Self Expression, Columbus

Rationality, the Humanist Community of Central Ohio, the University of Cincinnati SSA affiliate, the Secular Students of Miami, the University of Akron affiliate of the SSA, the Case CFI club at Case Western Reserve University, and CFI North East Ohio. Affiant further states, as alleged in my Complaint, since 2005, I have also had professional relationships and valid ongoing business expectancies with various reputable publishing houses and co-authors. Affiant further states, based on the past success of these engagements, and based on my residence in Ohio, I intended to develop further business relationships with these organizations, and with the numerous, similar organizations throughout the State.

26. Affiant states, at all times relevant herein, on information and belief, all Defendants knew of my business affiliations in Ohio, and of my permanent relocation to Ohio.

27. Affiant states, at all times relevant herein, all Defendants were well aware that the SSA is headquartered in Columbus Ohio, and were well aware of my business affiliations therewith. Affiant further states, in addition to Defendants' personal knowledge, both the public Wikipedia page for the SSA and SSA's own website indicate their location in Columbus, OH. **Affidavit Exhibits D & E**.

28. Affiant states, at all times relevant herein, all Defendants were well aware that Camp Quest is headquartered in Columbus Ohio, and were well aware of my business affiliations therewith. Affiant further states, in addition to Defendants' personal knowledge, Camp Quest's Wikipedia page indicates their headquarters in Columbus, Ohio, as does Camp Quest's website contact page and footer. **Affidavit Exhibits F-H**.

29. Affiant states, on April 16, 2016, an announcement was published on freethoughtblogs.com concerning my permanent relocation to Ohio. Defendants FtB

and Myers were aware of the post, and officially its publishers. It showed the image of a moving truck and included my statement, "*I am moving to Columbus, Ohio, for good and all this May (2016)*." **Affidavit Exhibit I**.

30. Affiant states, on May 24, 2016, another announcement was published on freethoughtblogs.com concerning my permanent relocation to Ohio. Defendants FtB and Myers were aware of the post, and officially its publishers. In it I stated, "*I am moving to Columbus, Ohio, for good and all. And I'm taking a moving truck and towing my car all the way across country from my current and soon past home in Stockton, California.*" **Affidavit Exhibit J**.

31. Affiant states, on or before May 4, 2016, another announcement was published on Meetup.com concerning my permanent relocation to Ohio, wherein a talk hosted at the University of Nebraska at Omaha was announced as, "*A whistle-stop on his move across country to Ohio.*" **Affidavit Exhibit K**. Affiant further states, the Meetup.com announcement was linked to my blog on May-04 wherein I stated, "That's my fourth stop on the move across country." **Affidavit Exhibit L**. Affiant further states, my May-04 blog post was subsequently announced on Facebook® and Twitter®. **Affidavit Exhibit M**.

32. Affiant states, well in advance of my move to Ohio, my intent to relocate to Ohio was prominently disclosed on my blog at FtB, and on my website, social media pages, and by word of mouth.

33. Affiant states, since at least April 16, 2016, my Facebook® page has indicated, "*Lives in Columbus, Ohio*" **Affidavit Exhibit N**.

34. Affiant states, since April, my Twitter® and Facebook® pages has indicated that I live in "*Columbus, OH*" **Affidavit Exhibits O & BB**.

35. Affiant states, since April the booking page on my website has read, "I live in Columbus, Ohio." **Affidavit Exhibit P**.

36. Affiant states, on or about June 1, 2016, I completed my permanent relocation to Columbus Ohio.

37. Affiant states, as alleged in my Complaint, Freethought Blogs Network ("FtB") was founded by, and is operated by, as its CEO, Defendant Paul Z. Myers, Ph.D. ("Myers") **Complaint, Dkt. No. 1, p. 3, at ¶ 5**.

38. Affiant states, at all times relevant herein, Defendants FtB and Myers knew of my business affiliations in Ohio, and of my permanent relocation to Ohio. Affiant further states, at all times relevant herein, Defendants FtB and Myers were well aware that the SSA and Camp Quest are both headquartered in Columbus Ohio, and were aware of my business affiliations therewith.

39. Affiant states, as alleged in my Complaint, on June 21, 2016, Defendants FtB and Myers published a false and defamatory statement concerning me. **Complaint, Dkt. No. 1, Exhibit 1**. Affiant further states, Defendants' statements were derivative of false and defamatory statements published on June 15, 2016 by Defendant Amy Frank-Skiba ("Frank-Skiba"), and Defendants claimed personal knowledge thereof. **Complaint, Dkt. No. 1, Exhibit 4**.

40. Affiant states, as alleged in my Complaint, Defendants FtB's and Myers' accusations are categorically false, as multiple witnesses and e-mail correspondence will corroborate.

41. Affiant states, as alleged in my Complaint, on June 21, I spoke by phone with Defendants FtB and Myers. Affiant further states, our discussion included, among other topics, the fact that I'd permanently relocated to Ohio, and that I would have to sue him if he did not retract. **Complaint, Dkt. No. 1, Exhibit 25, pp. 13 & 14, at ¶ 77**.

42. Affiant states, Defendant Myers worked with the SSA in Columbus, Ohio, and spoke at their National convention in Columbus at least twice, in 2009 and 2011. Affiant further states, on at least one occasion, Defendant Myers was the SSA's keynote speaker in Columbus, Ohio.

43. Affiant states, on June 24 and June 25, Defendants FtB, Myers, Zvan, and The Orbit published additional false and defamatory statements concerning me, and reaffirming all previous false and defamatory statements. **Affidavit Exhibits Q-S**. Affiant further states, demonstrative of collusion and collaboration among the Defendants, FtB and Myers further stated, "I was the contact person who got the personal accounts and relayed them to the Ethics Committee [referring to FtB] . . . " and stated, "I'm also in contact with the people at the-orbit [sic] and skepticon [sic] who've been dealing with this. I've had a short phone conversation with Carrier . . . " **Affidavit Exhibit Q**. Affiant further states, additional evidence of collusion and collaboration among the Defendants can be inferred by Defendants Zvan's and The Orbit's statements on June 24. **Affidavit Exhibit R**.

44. Affiant states, as alleged in my Complaint, again on June 26, Defendants FtB and Myers published additional false and defamatory statements concerning me. **Complaint, Dkt. No. 1, Exhibit 5**.

45. Affiant states, on July 26, 2016, through counsel, I sent a cease and desist letter to Defendants FtB and Myers, demanding a retraction. **Complaint, Dkt. No. 1, Exhibit 6**. Affiant further states, my counsel of record is located in Dublin Ohio, as prominently indicated on the firm's stationary and website.

46. Affiant states, neither Defendant FtB nor Myers has retracted their false and defamatory statements. Affiant further states, on the contrary, Defendants FtB and Myers subsequently reaffirmed their false statements.

47. Affiant states, on September 24, 2016, Defendants FtB and Myers published a statement on freethoughtblogs.com wherein Myers wrote, "*Richard Carrier is suing 7 entities, and I'm two of them.*" "*So there's another fate I won't be surrendering to.*" **Affidavit Exhibit T**. Affiant further states, Defendants FtB and Myers stated, referring to Defendants The Orbit and Skepticon, " . . . we're probably going to have to coordinate something." **Affidavit Exhibit T, Comment 9.**

48. Affiant states, on December 2, 2016, Defendants FtB and Myers published a statement on freethoughtblogs.com wherein Myers wrote, "*You may know that Freethoughtblogs, The Orbit, and Skepticon have taken on a lawyer to defend us against a lawsuit for over two million dollars by Richard Carrier. Weirdly, this suit was filed in Ohio, where none of the targets live, and where most of the conflicts did not occur . . .* " **Affidavit Exhibit U**. Affiant further states, Defendants FtB and Myers stated, referring to all Defendants, "We are all of us committed to hang together, though, so even if we were split apart, we'd still be mutually supporting each other in this ludicrous suit." **Affidavit Exhibit U, Comment 41.**

49. Affiant states, as alleged in my Complaint, Defendant Stephanie Zvan ("Zvan") is a member of Defendant The Orbit ("The Orbit"), and is the author of false and defamatory statements published on June 20 and July 30, 2016. **Complaint, Dkt. No. 1, p. 5, at ¶ 10, Exhibits 2 & 17**. Affiant Further states, Defendants' statements were derivative of false and defamatory statements published on June 15, 2016 by Defendant Frank-Skiba, and Defendants claimed personal knowledge thereof. **Complaint, Dkt. No. 1, Exhibit 4**.

50. Affiant states, as alleged in my Complaint, Defendants Zvan's and The Orbit's accusations are categorically false, as multiple witnesses and e-mail correspondence will corroborate.

51. Affiant states, at all times relevant herein, Defendants Zvan and The Orbit knew of my business affiliations in Ohio, and of my permanent relocation to Ohio. Affiant further states, at all times relevant herein, Defendants Zvan and The Orbit were well aware that the SSA and Camp Quest are both headquartered in Columbus Ohio, and were aware of my business affiliations therewith.

52. Affiant states, on July 26, 2016, through counsel, I sent a cease and desist letter to Defendants Zvan and The Orbit, demanding a retraction. **Complaint, Dkt. No. 1, Exhibit 7**. Affiant further states, my counsel of record is located in Dublin Ohio, as prominently indicated on the firm's stationary and website.

53. Affiant states, neither Defendant Zvan nor The Orbit has retracted their false and defamatory statements. Affiant further states, on the contrary, Defendants Zvan and The Orbit subsequently reaffirmed their false statements.

54. Affiant states, on July 30, 2016, Defendants Zvan and The Orbit reasserted their false and defamatory statements. **Complaint, Dkt. No. 1, Exhibit 17**. Affiant further states, as alleged in my Complaint, Defendants curiously alleged a "sixth" accuser. **Complaint, Dkt. No. 1, p. 19, at ¶ 66**.

55. Affiant states, according to her Wikipedia entry, Defendant Zvan is described as a "*newspaper writer*." **Complaint, Dkt. No. 1, p. 4, at ¶ 9**. Affiant further states, according to The Orbit, the organization aims to " . . . *rival the best media sites*." **Complaint, Dkt. No. 1, p. 4, at ¶ 8**.

56. Affiant states, even if Defendants were not aware of my permanent relocation to Ohio, a cursory Internet search, consistent with the most basic of journalistic integrity, would have confirmed my residence in Ohio, as all my social media profiles, and my website have so indicated since April 2016.

57. Affiant states, among The Orbit's co-owners is Ms. Greta Christina.

58. Affiant states, Ms. Christina had personal knowledge that I was leaving California and relocating my residence to Ohio.

59. Affiant states, on May 21, 2016, a 'farewell' party was hosted by two mutual friends of Ms. Christina's and mine. Affiant further states, prior to the May 21 party, electronic invitations were sent with the message, "*We are having a potluck for Rick, who is going to be moving to Columbus, Ohio at the end of May.*"

60. Affiant states, the invite list included Ms. Christina.

61. Affiant states, a true and correct copy of the electronic invitation is attached hereto marked **Affidavit Exhibit V**. Affiant further states, on May 22, a post to my Facebook® wall, including seventeen (17) photos, read, "*David and Dana host a*

*farewell party (and a reunion of old friends) for Dr. Richard Carrier, who leaves for Ohio at the end of the month.*" **Affidavit Exhibit CC**.

62. Affiant states, Ms. Christina was the recipient, on behalf of The Orbit, of my July 26, cease and desist letter. **Complaint, Dkt. No. 1, Exhibit 7**. Affiant further states, the U.S. Postal return receipt, dated August 5, 2016 bares Ms. Christina's signature. **Complaint, Dkt. No. 1, Exhibit 11**.

63. Affiant states, among The Orbit's co-owners is Ms. Miri Mogilevsky. Affiant further states, Ms. Mogilevsky is on the Board of Directors of the SSA.

64. Affiant states, Ms. Mogilevsky had personal knowledge that I was leaving California and relocating my residence to Ohio.

65. Affiant states, Ms. Mogilevsky herself physically resides in the State of Ohio.

66. Affiant states, on April 8 and April 9, 2016, I had an exchange with Ms. Mogilevsky by Facebook® Messenger in which we discussed my relocation to Ohio. Affiant further states, Ms. Mogilevsky asked where I'd be living specifically, and I answered *'Clintonville,'* to which Ms. Mogilevsky replied, '*That's great. I love Clintonville.*'

67. Affiant states, true and correct copies of the Facebook® Messenger exchange are attached hereto marked **Affidavit Exhibits W & X**.

68. Affiant states, as alleged in my Complaint, Skepticon, Inc. ("Skepticon") was co-founded by Defendant Lauren Lane ("Lane"), where she currently serves as president. **Complaint, Dkt. No. 1, p. 5, at ¶¶ 11 & 12**.

69. Affiant states, at all times relevant herein, on information and belief, Defendants Skepticon and Lane knew of my business affiliations in Ohio, and of my permanent relocation to Ohio. Affiant further states, at all times relevant herein, Defendants

Skepticon and Lane were well aware that the SSA and Camp Quest are both headquartered in Columbus Ohio, and were aware of my business affiliations therewith.

70. Affiant states, as alleged in my Complaint, on June 20, 2016, Defendants Skepticon and Lane published a false and defamatory statement concerning me. **Complaint, Dkt. No. 1, Exhibit 3**. Affiant further states, Defendants' statements were derivative of false and defamatory statements published on June 15, 2016 by Defendant Amy Frank-Skiba ("Frank-Skiba"), and Defendants claimed personal knowledge thereof. **Complaint, Dkt. No. 1, Exhibit 4**.

71. Affiant states, as alleged in my Complaint, Defendants Skepticon's and Lane's accusations are categorically false, as multiple witnesses and e-mail correspondence will corroborate.

72. Affiant states, on July 26, 2016, through counsel, I sent a cease and desist letter to Defendants Skepticon and Lane, demanding a retraction. **Complaint, Dkt. No. 1, Exhibit 8**. Affiant further states, my counsel of record is located in Dublin Ohio, as prominently indicated on the firm's stationary and website.

73. Affiant states, neither Defendant Skepticon nor Lane has retracted their false and defamatory statements. Affiant further states, on the contrary, Defendants Skepticon and Lane subsequently reaffirmed their false statements.

74. On September 1, 2016, through counsel, Defendants Skepticon and Lane replied to my cease and desist letter, wherein Defendants reasserted their false accusations and wrote, "*To the extent the Post accuses Dr. Carrier of sexual harassment . . . this is true, and will be proven in court, if necessary*." **Complaint, Dkt. No. 1, Exhibit 19**.

75. Affiant states, as alleged in my Complaint, Defendant Amy Frank-Skiba ("Frank-Skiba") is the former president of the Arizona State University chapter of the SSA, and is the author of false and defamatory statements published on June 15, 2016, in which Defendant Frank-Skiba claimed personal knowledge of very serious charges that included sexual assault, sexual harassment, sexual abuse, and corruption. **Complaint, Dkt. No. 1, pp. 5 & 6, at ¶¶ 14 & 15, Exhibit 4**.

76. Affiant states, as alleged in my Complaint, Defendant Frank-Skiba's statements were addressed to, in part, "*Parents, and younger people who may graciously volunteer for Camp Quest, a summer camp for kids:*" implying my affiliation with Camp Quest would pose a danger to children. **Complaint, Dkt. No. 1, pp. 5 & 6, at ¶¶ 14 & 15, Exhibit 4**.

77. Affiant states, as alleged in my Complaint, Defendant Frank-Skiba's statements included the assertion about me that she was "*not even close to being his only victim*," implying personal knowledge that I had perpetrated similar acts on other women.

78. Affiant states, as alleged in my Complaint, Defendant Frank-Skiba's accusations are categorically false, as multiple witnesses will corroborate.

79. Affiant states, at all times relevant herein, Defendant Frank-Skiba knew of my business affiliations in Ohio, and of my permanent relocation to Ohio. Affiant further states, at all times relevant herein, Defendant Frank-Skiba was well aware that the SSA and Camp Quest are both headquartered in Columbus Ohio, and was aware of my business affiliations therewith.

80. Affiant states, on June 7, 2016, approximately one (1) week prior to publishing her defamatory statements, Defendant Frank-Skiba contacted an affiliate organization in

14

Florida, under false pretenses, fishing for information as to my involvement with the SSA. **Affidavit Exhibit Y**. Affiant further states, the impetus for Defendant Frank-Skiba's investigation could only have been based on my online announcements months earlier. Affiant further states, thus, Defendant Frank-Skiba must have seen the myriad announcements concerning my relocation from California to Ohio. **Affidavit Exhibits K, M, N, BB, & CC**. Affiant further states, demonstrative of the fact that Defendant Frank-Skiba was monitoring my Facebook® wall, is the screen shot she attached to her June 15 defamatory statement, of a Facebook® event erroneously announcing that I started working at Camp Quest West. **Affidavit Exhibit DD**.

81. Affiant states, on July 6, 2016, through counsel, I sent a cease and desist letter to Defendant Frank-Skiba, demanding a retraction. **Complaint, Dkt. No. 1, Exhibit 9**. Affiant further states, my counsel of record is located in Dublin Ohio, as prominently indicated on the firm's stationary and website.

82. Affiant states, Defendant Frank-Skiba has refused to retract her false and defamatory statements. Affiant further states, on the contrary, and as alleged in my Complaint, Defendant Frank-Skiba subsequently reaffirmed her false statements, and published additional and contradictory false and defamatory statements. **Complaint, Dkt. No. 1, pp. 20 & 22, at ¶¶ 70 & 72**.

83. Affiant states, subsequent to receiving my cease and desist letter, Defendant Frank-Skiba started a gofundme® campaign to solicit legal defense funds. Affiant further states, on her gofundme® page, Defendant Frank-Skiba published a verbatim copy of my cease and desist letter, and further reasserted false and defamatory accusations

concerning sexual harassment. **Complaint, Dkt. No. 1, Exhibit 18**.

84. Affiant states, at no time has any Defendant, nor any agent acting on Defendants' behalf requested my alibi(s), witness(es), nor evidence concerning any of the conduct Defendants falsely allege. Affiant further states, owing to Defendants' false and defamatory statements, I am now deprived of my reputation in good standing with the SSA. Affiant further states, until June of 2016, I had SSA approval to speak at SSA affiliate events and conferences, and to sell my books as a vendor at SSA events and conferences. This continued approval, however, is effectively suspended pending the outcome of this case.

85. Affiant states, I expected to work as an endorser to promote the SSA brand, and as a future volunteer for the SSA. Affiant further states, in light of the ongoing and un-retracted defamation, these expectancies are no longer.

86. Affiant states, owing to Defendants' false and defamatory statements, I am now unable to pursue several promotional and business projects with Camp Quest that I was developing, and others I had hoped to develop in the future. Affiant further states, projects in development include: an educational game to be sold to or promoted with Camp Quest and their affiliates, and marketed to parents, educators, and educational institutions; and a science experiment involving testing the accuracy of ancient astronomical instruments that was expected to generate considerable publicity, and publication in a peer reviewed academic journal that was expected to advance my reputation as a historian of science. These and other projects were expected for many years.

87. Affiant states, as alleged in my Complaint, on or about June 21, 2016, Defendant FtB blocked me from access to my blog, from publishing content, and blocked the public's access to all my previous publications at FtB, severely disrupting search engine visibility to market my body of work. **Complaint, Dkt. No. 1, p. 17, at ¶¶ 53-55**

FURTHER AFFIANT SAYETH NAUGHT.

_____
DR. RICHARD CARRIER

SWORN TO BEFORE ME and subscribed in my presence this 21'st day of December, 2016.

_____
NOTARY PUBLIC

My commission expires: My Commission Has No Expiration



JEFFREY T. PERRY
Attorney At Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.