THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DR. RICHARD CARRIER,** | : | Case No. 2:16-cv-00906-MHW-EPD |
| Plaintiff, | : | Judge Michael H. Watson |
| v. | : | |
| **FREETHOUGHTBLOGS NETWORK, PAUL Z. MYERS, PH.D., THE ORBIT, STEPHANIE ZVAN, SKEPTICON, INC., LAUREN LANE, and AMY FRANK-SKIBA,** | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION FOR (1) A CONTINUANCE OF THE PRELIMINARY CONFERENCE; (2) JURISDICTIONAL DISCOVERY; AND (3) AN EVIDENTIARY HEARING**

Defendants Freethoughtblogs Network, Paul Z. Myers, Ph.D., The Orbit, Stephanie Zvan, Skepticon, Inc., Lauren Lane, and Amy Frank-Skiba hereby move the Court to continue the preliminary conference, currently scheduled for January 19, 2017.  Further, Defendants move the Court for leave to take jurisdictional discovery, and to set an evidentiary hearing to resolve the issue of personal jurisdiction over the Defendants.

**1.0     Background**

Plaintiff filed his Complaint on September 20, 2016 (Dkt. No. 1) and Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(2) for Lack of Personal Jurisdiction and Fed. R. Civ. P. 12(B)(3) for Improper Venue on December 1, 2016 (Dkt. No. 10).  Plaintiff opposed Defendants' Motion to Dismiss on December 22, 2016 (Dkt. No. 17), and on January 6, 2017, this Court granted Defendants' motion for an extension to file a reply in support of their Motion to Dismiss, setting Defendants' reply date as January 31, 2017 (Dkt. No. 19).  Currently, there is a Preliminary Pretrial Conference set by this Court for January 19, 2017 (Dkt. No. 14).

The Parties met and conferred on January 6, 2016, and although the Parties initially seemed to be in agreement to some of the relief requested herein, the Parties are now at an impasse because the Plaintiff appears to not be willing to stipulate to at least some of the requested relief. In particular, there are complicated legal issues about jurisdiction in this case which require the resolution of significant factual issues, and so limited jurisdictional discovery is necessary—but it is unclear to the Defendants whether the Plaintiff has agreed to conduct this jurisdictional discovery. The Plaintiff indicated that he may not consent to such discovery, but also has indicated in his Rule 26(f) report (Dkt. No. 22; PAGEID #: 451) in §4.b. that he anticipates "that the parties will propound limited written discovery and will conduct depositions by telephone or videoconference."

Due to the need for jurisdictional discovery, Defendants move for a continuance of the Preliminary Conference, scheduled on January 19, 2017, and ask the Court to reschedule the Conference after jurisdiction has been resolved.

**2.0    Argument**

    **2.1    Jurisdictional Discovery is Proper**

Jurisdictional discovery is proper because Plaintiff has not met his burden of proving personal jurisdiction. *Air Products, Inc. v. Safetech Intl., Inc*., 503 F.3d 544, 549 (6th Cir. 2007). The U.S. Supreme Court has found that, "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 2389 (1978). Discovery is appropriate here because it will shed light on whether Plaintiff has met the elements of the personal jurisdiction calculus. See *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) (concluding that limited discovery would shed light on whether the exercise of personal jurisdiction is appropriate); and *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co*., 91 F.3d 790, 792 (6th Cir. 1996) (noting that the district court allowed limited jurisdictional discovery).

Here, Defendants request for jurisdictional discovery is narrowly tailored and limited in nature. Defendants move the Court to permit Defendants to propound limited written discovery

and to conduct depositions which are expected to be short and conducted by phone or video conference. If a Party wishes to conduct an in-person deposition, it will be at a location and time convenient to the deponent or a mutually agreed upon location. Jurisdictional discovery shall not prejudice any Party from taking full factual depositions and full factual discovery after jurisdiction has been resolved.

### 2.2 An Evidentiary Hearing is Proper

Defendants request that the Court grant an evidentiary hearing on the question of jurisdiction. An evidentiary hearing on the issue of jurisdiction is proper when a jurisdictional question cannot be resolved on the pleadings alone. "[T]he appropriate procedure [ ] is to remand to the district court with a full opportunity for an evidentiary hearing before a decision on personal jurisdiction [ ] is made. *Kent Display Sys. v. Advanced Display Sys.*, NO. 99-4344, 2000 U.S. App. LEXIS 33400, at *16 (6th Cir. Dec. 13, 2000). An evidentiary hearing may be conducted "if the district court concludes that the written submissions have raised issues of credibility or disputed issues of fact which require resolution." *Akbar v. Bangash*, No. 15-cv-12688, 2016 U.S. Dist. LEXIS 99273, at *5 (E.D. Mich. July 29, 2016) citing to *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) ("If the written submissions raise disputed issues of fact or seem to require determinations of credibility, the court retains the power to order an evidentiary hearing.").

Here, an evidentiary hearing on the issue of personal jurisdiction is necessary and proper because the facts in this case related to Plaintiff's relocation are heavily disputed. Further, Defendants' request for an Evidentiary Hearing is limited and narrowly tailored to address the jurisdictional issues only, so the hearing will be short.

There are disputed issues of fact which require an evidentiary hearing to resolve, and Dr. Carrier's written submissions raise concerns over his credibility. Dr. Carrier stated in his affidavit that Ohio-based Secular Student Alliance (SAS) and Camp Quest "and other community and campus organizations" … "have been [his] principal source of speaking and direct sales income." Dkt. No. 17-1, Carrier Affidavit in Support of Plaintiff's Opposition to Defendants'

3

Motion to Dismiss ("Carrier Aff.") at p. 4, ¶ 25. Yet, Defendants will present evidence that Carrier has publicly stated he rarely volunteers for either organization. *See* Richard Carrier, "Regarding the Accusations Made by Amy Frank" (June 15, 2016), attached hereto as **Exhibit 1**, at p. 2 ("In terms of public facts: I am not an employee of either Camp Quest or the SSA, or any of their affiliates. Nor am I on their boards of directors or speakers' bureaus. I have rarely even volunteered for them."). Moreover, Defendants will be able offer point-by-point rebuttal evidence to every relevant factual allegation Dr. Carrier has made regarding Jurisdiction, with each rebuttal argument diminishing the reliability of all the jurisdictional evidence Dr. Carrier has presented.

Carrier has only suddenly declared that he is an Ohioan. Defendants have been blindsided by this suit in Ohio. Each of the Defendants submitted a declaration stating that he or she did not know Dr. Carrier had moved to Ohio or that he was intending to move to Ohio. *See* Dkt. Nos. 17-1 to 17-3, Defendants' Declarations in Support of Motion to Dismiss. Defendants also challenge the authenticity and reliability of Google Trends Reports Plaintiff heavily relies upon in support of his argument that jurisdiction is proper. *Id*. Plaintiff disputes these assertions. *See* Carrier Aff. Carrier has not provided any discussion of his methodology or the reliability of his results. For example, why did he not show results for "Dr. Richard Carrier" if he is so famous under that title? How many "Richard Carriers" are there in Ohio? *See* Ancestry.com Results for "Richard Carrier" in Ohio, attached hereto as **Exhibit 2**. Why should this Court accept Carrier's tailor made fabrications without presenting himself for questioning? Given the inconsistency between his public statements and those made to the Court, all of his factual allegations are suspect, thereby necessitating an evidentiary hearing so that the Court may evaluate the reliability of all factual allegations.

### 3.3 A Continuance of the Preliminary Hearing is Proper

Defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(B)(2) for Lack of Personal Jurisdiction and Fed. R. Civ. P. 12(B)(3). Since the issue of jurisdiction has not yet been resolved, Defendants have not yet filed an answer in this case. A motion to dismiss is not a responsive pleading and since Defendants have not answered yet, setting out a timeline for the rest

of this case and opening general discovery would be premature at this time.  Defendants move the Court to continue the Preliminary Hearing until after jurisdictional discovery and the evidentiary hearing is complete.

**3.0    Conclusion**

Defendants pray that this Court grant them leave to take limited jurisdictional discovery and set an evidentiary hearing.  Allowing limited jurisdictional discovery and an evidentiary hearing will help secure the just and efficient resolution of the current jurisdictional questions before this Court.  Defendants pray that the Court continue the Preliminary Conference until after jurisdictional discovery and an evidentiary hearing is complete.

Dated this 12th day of January, 2017.          Respectfully submitted,

/s/ Jeffrey M. Nye
Jeffrey M. Nye (0082247)
STAGNARO, SABA & PATTERSON CO. L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6714
(513) 533-6711-facsimile
jmn@sspfirm.com

Marc J. Randazza (*Pro Hac Vice*)
D. Gill Sperlein (*Pro Hac Vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 South El Capitan Way
Las Vegas, NV  89147
(402) 420-2001
(305) 437-7662 -facsimile
ecf@randazza.com

*Attorneys for Freethoughtblogs Network,*
*Paul Z. Myers, Ph.D., The Orbit, Stephanie Zvan,*
*Skepticon, Inc., Lauren Lane, and Amy Frank-Skiba*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and accurate copy of the foregoing was served upon all parties via CM/ECF on January 12, 2017.

/s/ Jeffrey M. Nye
Jeffrey M. Nye (0082247)