UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. RICHARD CARRIER | : | |
| | : | |
| Plaintiff, | : | Case No. 22:16-cv-00906-MHW-EPD |
| | : | |
| -vs- | : | JUDGE Michael H. Watson |
| | : | |
| FREETHOUGHTBLOGS NETWORK, | : | **PLAINTIFF'S MOTION TO APPLY** |
| PAUL Z. MYERS, PH.D., THE ORBIT, | : | **THE DOCTRINE OF PROSPECTIVE** |
| STEPHANIE ZVAN, SKEPTICON, INC., | : | **EQUITABLE TOLLING TO TOLL** |
| LAUREN LANE, and | : | **THE STATUTE OF LIMITATIONS** |
| AMY FRANK-SKIBA | | |
| | : | |
| Defendants | : | |

Now comes Plaintiff **Dr. Richard Carrier** (hereinafter "Dr. Carrier" or "Plaintiff"), by and through counsel, and hereby moves this honorable Court to apply the doctrine of equitable tolling to toll the statute of limitations for one year, in the prospective event this Court might grant Defendants' motion to dismiss for lack of jurisdiction or for improper venue (Dkt. No. 10). The basis for this Motion is set forth more fully in the attached Memorandum.

Respectfully Submitted,

 /s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH  43017
(614) 668-8442
(614) 675-2210  fax
*jeff@campbellperrylaw.com*

*Counsel for Plaintiff*
Dr. Richard Carrier, Ph.D.

**MEMORANDUM IN SUPPORT**

This matter comes before the Court on a Complaint alleging defamation per se (Counts I and II), tortious interference with a business expectancy (Count III), and intentional and negligent infliction of emotional distress (Counts IV and V). The claims sounding in defamation accrued on or about June 15, 2016, with a one (1) year statute of limitations. *See* Ohio Revised Code § 2307.11.

The one year statute of limitations will have run before Defendants' motion to dismiss is fully briefed and ripe before the Court for decision. As a precautionary measure, in case the Court might grant Defendants' motion to dismiss, not on the merits, Dr. Carrier requests that Ohio's saving statute be applied, so his underlying claims can be decided upon their merits, rather than on procedural technicalities.

The Plaintiff's Complaint was filed September 20, 2016 (Dkt. No. 1). On December 1, 2016, Defendants then filed their Motion to Dismiss, pursuant to Fed. R. 12(b)(2) and 12(b)(3) (Dkt. No. 10). On December 22, 2016, Plaintiff then briefed and filed his Opposition to Defendants Motion to Dismiss (Dkt. No. 17). On January 12, 2017, Defendants filed their Motion for Jurisdictional Discovery and Evidentiary Hearing (Dkt. No. 23). On February 2, the Plaintiff filed his Brief in Opposition and, on February 9, 2017, Defendants filed their Reply in Support (Dkt. Nos. 27 & 28).

Rule 41(b) provides, in pertinent part:

> . . . a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Under the Ohio saving statute, Dr. Carrier would have one year in which to refile his claims. *See* Ohio Revised Code § 2305.19(A) ("In any action that is commenced or

2

attempted to be commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.")

State savings statutes may not be incorporated into federal statutes that contain limitation provisions. In *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424 (1965), the Supreme Court declined to apply R.C. § 2305.19(A) to extend the statute of limitations provision of the Federal Employers Liability Act, holding "[t]he incorporation of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity." *Id.* at 322. But a claim for defamation draws its statute of limitations from applicable state law. Thus, Dr. Carrier has until the expiration of Ohio's one year limitations period or one year from the date of entry of an order dismissing his defamation claims, whichever is later, to refile those claims. *Harris v. United States*, 422 F.3d 322, 331-32 (6th Cir. 2005) (citing *Lewis v. Connor*, 21 Ohio St. 3d 1).

The presence of a federal limitations period would prohibit the application of the Ohio saving statute. Even so, however, the limitations period would be subject to equitable tolling. Equitable tolling is to be applied "only sparingly." *Dixon v. Gonzales*, 481 F.3d 324, 331. Tolling decisions are made on a case-by-case basis, and a court may assess the appropriateness of tolling by analyzing the following relevant factors:

> (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Id*.

3

Dr. Carrier's circumstances differ from the above equitable tolling rule, as his claims were filed within Ohio's one year limitations period.  Thus, the first, second, and fifth factors are irrelevant to the analysis.  The third factor weighs in Dr. Carrier's favor, as his initial timely filing demonstrates diligence.  The fourth factor also weighs in the Plaintiff's favor, as the risk of prejudice to Defendants is negligible.  This matter is less than nine months old, and the parties have yet to even conduct discovery.

It bears repeating, the Plaintiff strenuously urges the Court to deny Defendants' motion to dismiss for lack of personal jurisdiction, on the grounds Plaintiff made a *prima facie* showing of facts sufficient to justify specific jurisdiction over all Defendants in this matter.  The Plaintiff further urges the Court to deny Defendants' motion based on improper venue, and for jurisdictional discovery and for an evidentiary hearing.  The Plaintiff has shown this judicial district has a substantial connection to the Plaintiff's claims and injury.  As a protective measure however, in case the Court might grant Defendants' motion to dismiss, the Court should grant Plaintiff one year from the date of such dismissal to refile the case.

For the foregoing reasons, the Court should preemptively grant the Plaintiff's Motion to apply the doctrine of equitable tolling to toll the statute of limitations for one year, so the Plaintiff's claims can be decided upon their merits, rather than on a procedural technicality.

Respectfully Submitted,

 /s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH  43017
(614) 668-8442
(614) 675-2210  fax
*jeff@campbellperrylaw.com*

*Counsel for Plaintiff*
Dr. Richard Carrier, Ph.D.

4

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13'th day of June 2017, a copy of the foregoing was filed using the CM/ECF that will send a notice of electronic filing to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail, postage prepaid.

 

By:    /s/ Jeffrey T. Perry
Jeffrey T. Perry
Supreme Court No.:  0088989

*Counsel for Plaintiff*
Dr. Richard Carrier, Ph.D.