THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. RICHARD CARRIER, | : | Case No. 2:16-cv-00906-MHW-EPD |
| | : | |
| Plaintiff, | : | Judge Michael H. Watson |
| | : | |
| v. | : | |
| | : | |
| FREETHOUGHTBLOGS NETWORK, | : | |
| PAUL Z. MYERS, PH.D., THE ORBIT, | : | |
| STEPHANIE ZVAN, SKEPTICON, INC., | : | |
| LAUREN LANE, and AMY FRANK-SKIBA, | : | |
| | : | |
| Defendants. | : | |
| | : | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO APPLY
THE DOCTRINE OF PROSPECTIVE EQUITABLE TOLLING TO TOLL
THE STATUTE OF LIMITATIONS

Defendants oppose Plaintiff's Motion to Apply the Doctrine of Prospective Equitable Tolling to Toll the Statute of Limitations (the "Motion").

**1.0    Introduction and Statement of Relevant Facts.**

This is a defamation action with no connection to the State of Ohio.  Plaintiff Richard Carrier alleges that Defendants defamed him when they accused him of "boundary-pushing behavior" and "persistent, obnoxious sexual behavior."  (*See* Complaint, ¶ 26.)  Plaintiff sued Defendants for those statements in this Court even though: (1) none of the alleged conduct occurred in Ohio or was directed at Ohio; (2) none of Defendants live in Ohio; (3) Plaintiff either did not reside in or had just moved to Ohio (unbeknownst to the Defendants) when the alleged defamatory statements occurred; (4) the allegedly defamatory statements were published in Missouri, Minnesota, and/or Arizona; and (5) Defendants had no idea that Plaintiff had moved

1

from Northern California to Ohio until Plaintiff Carrier served this lawsuit upon them.[1] Plaintiff

filed in Ohio solely to avoid California's statutes prohibiting Strategic Lawsuits against Public

Participation ("SLAPP"), as California has a strong anti-SLAPP statute and Ohio does not (yet).

Defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue

on or about December 1, 2016 (Dkt. No. 10).  Plaintiff has realized that this Court will probably

grant Defendants' Motion and that Ohio's one year statute of limitations on defamation actions

has already expired.  (*See* Motion at 2.)  Thus, he demands that the Court apply the doctrine of

equitable tolling and extend the statute of limitations for an additional year.

Plaintiff's Motion must be denied.  When he filed this action in Ohio, he engaged in bad

faith, cynical forum shopping.  Specifically, he filed in Ohio because California, the state with the

most obvious interest in deciding this case, has an anti-SLAPP statute that does not permit lawsuits

filed solely to punish defendants for their speech.  *See* Cal. Civ. Pro. Code § 425.16(a).  A party

that files a SLAPP suit in California will have his case terminated and be compelled to reimburse

the defendant's attorneys' fees and costs.  *See* Cal. Civ. Pro. Code § 425.16(b).

Plaintiff has unclean hands, and a party acting in bad faith is not entitled to equitable relief.

Moreover, even if Plaintiff were entitled to equitable tolling of the statute of limitations, Ohio law

does not apply in this case, making it pointless to toll Ohio's statute of limitations for defamation

claims.  If this Court rules that it does not have jurisdiction over Defendants, a court in another

---

[1]    In fact, even though Carrier now argues that the Defendants should have known of his ties
to Ohio because of his affiliation with two Ohio-based organizations, *see* dkt. 17-1 (Carrier
affidavit ¶25) at PAGEID # 368, the record reflects that on the very day that the allegedly
defamatory statements started (June 15, 2016) Carrier was expressly and publicly minimizing the
significance of his ties to those organizations—and thus to Ohio—writing "I am not an employee
of either Camp Quest or the SSA, or any of their affiliates. Nor am I on their boards of directors
or speakers' bureaus. I have rarely even volunteered for them." *See* dkt. 23-1 (article by Carrier
titled "Regarding the Accusations Made by Amy Frank," dated June 15, 2016) at PAGEID # 463.

state applying its laws should decide whether Defendant is entitled to an equitable tolling of that state's statute of limitations.  If the Court denies Defendants' motion to dismiss, then this Motion is moot.  In any case, there is no basis and no reason for the Court to grant this Motion.  It should be denied.

## 2.0    Legal Argument.

### 2.1    Carrier is not entitled to equitable relief.

Carrier asks this Court to not only forgive his forum shopping but to help him fix the fatal results of his forum shopping.  Because Ohio's statute of limitation for actions sounding in defamation has already expired, he demands that the statute be equitably tolled for one additional year.  He is not entitled to the relief he demands.

"[S]tatutes of limitation exist to 'protect important social interests in certainty, accuracy, and repose' and should not be trivialized by 'promiscuous application of tolling doctrines.'" *Archer v. Sullivan County*, 1997 U.S. App. LEXIS 33052, *13-14 (6th Cir. Nov. 14, 1997) (*quoting Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990)).  In certain cases, the court may equitably toll the statute of limitations, but the U.S. Supreme Court has instructed that tolling is to be applied "only sparingly."  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The application of equitable tolling is only appropriate when the plaintiff has made good faith efforts to pursue his claims and does not apply where the plaintiff had alternative options upon which he did not act.  *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1098 (Colo. 1996).

Given that a request to toll the statute of limitations raises in equity, it is logical that the requesting party must have acted in good faith.  Equitable relief is not available to parties that have proceeded in bad faith.  *See, e.g., Cyber Solutions Int'l, LLC v. Pro Mktg. Sales*, 634 Fed. Appx. 557, 567 (6th Cir. 2016); *Nacco Materials Handling Group, Inc. v. Toyota Materials Handling*

*USA, Inc.*, 366 F. Supp. 2d 597, 609 (W.D. Tenn. 2004).  The Sixth Circuit reviews a judge's decision on an equitable tolling request for abuse of discretion.  *Dixon v. Gonzales*, 481 F.3d at 331.

Here, as demonstrated in Defendants' motion to dismiss, Plaintiff Carrier was not acting in good faith when he sued Defendants in this Court.  This case has no jurisdictional connection to Ohio.  Plaintiff forum shopped and filed here to avoid a California court applying the state's anti-SLAPP statute, which would have terminated Plaintiff's claims and forced him to reimburse Defendants for their attorneys' fees and costs.  *See* Cal. Civ. Pro. Code § 425.16(a) and (b). A California court, when considering a similar request, held that equitable tolling "is certainly not available to a plaintiff who engages in the procedural tactic of moving the case from one forum to another in the hopes of obtaining more favorable rulings."  *Mitchell v. Frank R. Howard Mem. Hosp.*, 6 Cal. App. 4th 1396, 1407-08 (Cal. App. 1st 1992).

Here, Plaintiff chose to file this case in Ohio even though the only connection that Ohio has to this dispute is that Plaintiff moved there (unbeknownst to Defendants) either contemporaneous to or after the facts relevant to this case took place.  He chose Ohio because he cynically decided that filing here would result in a more favorable result than filing in California, his prior residence and where each Defendant believed he still resided until they were served with this lawsuit.

Unfortunately for Plaintiff, the statute of limitations expired before the Court could rule upon whether it possesses jurisdiction over Defendants.  Thus, if the motion to dismiss is granted, he may not be able to re-file in another court.  This is a problem solely of his own making and due specifically to his unclean hands and bad faith.  This Court should not reward his bad faith litigation tactics and must deny his Motion.

**2.2** **Ohio law will not apply in any re-filing, and Carrier's entire request is an exercise in futility anyway.**

Even if this Court did find that Plaintiff has presented sufficient arguments to deserve the extraordinary equitable remedy of equitable tolling, Ohio law will not apply if this case is dismissed and filed in another state, rendering it pointless for the Court to rule that it will extend its statute of limitation for defamation claims. Traditional choice of law principles dictate that the law of the forum state governs procedural matters, *see Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 778 (1984), "including applicable statutes of limitations." *Lawson v. Valve-Trol Co.*, 81 Ohio App. 3d 1, 4 (1991). *See also* Restatement (Second) Conflict of Laws § 122 (1971). As a result, the court presiding over any subsequent filing will be charged with determining whether the action is timely filed. There is no reason for this Ohio court to consider an issue that ultimately will have nothing to do with Ohio.[2]

But in fact, it's worse than that. The problem with Plaintiff Carrier's equitable tolling motion isn't just that it's asking this Court to decide an issue that would be best suited for decision by a different court in a different state—what Carrier's asking this Court to do is issue a ruling that can't possibly have any effect in any re-filing. A ruling on the equitable tolling issue is only necessary if this Court determines that it lacks personal jurisdiction over the Defendants. But if the Court lacks personal jurisdiction over the Defendants, then it cannot possibly issue a ruling that is binding as to those Defendants, whether on the equitable tolling issue or anything else. That is the entire point of personal jurisdiction jurisprudence; the Due Process clause "constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 134 S. Ct.

---

[2]    By the very filing this Motion, Plaintiff apparently believes that Ohio's substantive laws will apply regardless of venue.  He is wrong, but that is not relevant to the Court's decision of this Motion.

5

1115, 1121, 571 U.S. --- (2014). The best that could possibly be said for the equitable tolling motion is that it is either unnecessary (if the Court denies the motion to dismiss), or a request for an unconstitutional advisory opinion (if the Court finds that Due Process precludes the assertion of jurisdiction over the Defendants). *See Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("the implicit policies embodied in Article III"—i.e., the separation of powers inherent in the Constitution's structure—"and not history alone, impose the rule against advisory opinions on federal courts").

Regardless of the outcome of the motion to dismiss, this Motion was unnecessary and is a waste of the Court's resources.  After this action has been dismissed for lack of personal jurisdiction, Plaintiff is free to ask the court in California, Minnesota, Missouri, or Arizona to determine whether that state's laws entitle him to an equitable tolling of the statute of limitations.[4]

**3.0    Conclusion.**

Plaintiff has unclean hands and is not entitled to equitable relief from this Court.  Moreover, the State of Ohio has no jurisdiction over Defendants.  Therefore, its procedural laws do not apply, rendering a decision regarding whether Plaintiff's defamation claims are entitled to equitable tolling unnecessary. Finally, for the Court to decide the equitable tolling motion after determining that it lacked personal jurisdiction over the defendants would be to render an unconstitutional advisory opinion.  Plaintiff Carrier's Motion should be denied by the Court.

---

[4]    While California and Arizona also maintain a one-year statute of limitations on defamation claims, it appears that Minnesota and Missouri have two-year statutes of limitation.  While Defendants certainly do not concede that jurisdiction in Minnesota or Missouri is proper, Plaintiff Carrier would not need to ask a court in those states to toll the statute of limitations if this Court dismisses his case.

Dated this 5th day of July 2017.  Respectfully submitted,

/s/ Jeffrey M. Nye
Jeffrey M. Nye (0082247)
STAGNARO, SABA & PATTERSON CO. L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6714
(513) 533-6711-facsimile
jmn@sspfirm.com

Marc J. Randazza (*Pro Hac Vice*)
D. Gill Sperlein (*Pro Hac Vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 South El Capitan Way
Las Vegas, NV  89147
(402) 420-2001
(305) 437-7662 -facsimile
ecf@randazza.com

*Attorneys for Freethoughtblogs Network,*
*Paul Z. Myers, Ph.D., The Orbit, Stephanie Zvan,*
*Skepticon, Inc., Lauren Lane, and Amy Frank-Skiba*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was served upon all parties via CM/ECF on July 5, 2017.

/s/ Jeffrey M. Nye
Jeffrey M. Nye (0082247)