THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DR. RICHARD CARRIER, | : |
| Plaintiff, | : Case No. 2:16-cv-00906-MHW-EPD |
| -vs- | : JUDGE Michael H. Watson |
| FREETHOUGHTBLOGS NETWORK, PAUL Z. MYERS, PH.D., THE ORBIT, STEPHANIE ZVAN, SKEPTICON, INC., LAUREN LANE, and AMY FRANK-SKIBA, | : |
| Defendants. | : |

**JOINT NOTICE REGARDING EVIDIENTIARY HEARING**

Plaintiff Dr. Richard Carrier ("Plaintiff"), and Defendants Freethoughtblogs Network, Paul Z. Myers, Ph.D., The Orbit, Stephanie Zvan, Skepticon, Inc., Lauren Lane, and Amy Frank-Skiba (collectively, "Defendants") by and through their respective, undersigned counsel, hereby file this Joint Notice Regarding Evidentiary Hearing and say:

**PROCEDURAL HISTORY**

Plaintiff filed his Complaint (Dkt. No. 1) on September 20, 2016. On December 1, 2017, Defendants appeared and filed their Motion to Dismiss Pursuant to FRCP 12(b)(2) for Lack of Personal Jurisdiction and FRCP 12(b)(3) for Improper Venue ("Motion to Dismiss"). (Dkt. No. 10). Plaintiff opposed the Motion to Dismiss (Dkt. No. 17), and Defendants thereafter filed a motion for jurisdictional discovery and an evidentiary hearing (Dkt. No. 23) ("Motion for Discovery"). The Court held a telephonic conference on January 27, 2017, where it stayed

1

briefing on Defendants' Motion to Dismiss, and ordered the completion of briefing on Defendants' Motion for Discovery. (Dkt. No. 26).

On August 14, 2017, the Court granted Defendants' Motion for Discovery as to its request for discovery "limited to the issue of personal jurisdiction," and denied Defendants' Motion to Dismiss without prejudice with leave to refile after completion of jurisdictional discovery. (Dkt. No. 33). The Court further instructed the Parties to file a joint notice "as to whether each side believes that the Court should hold an evidentiary hearing regarding personal jurisdiction." *Id*. The Parties, having completed discovery as ordered by the Court, hereby file their joint notice.

**PLAINTIFF'S POSITION**

The Plaintiff's position is that an evidentiary hearing is unnecessary, and would be unduly burdensome. Defendants, despite having more than five months to conduct discovery on the issue of personal jurisdiction, offer no concrete evidence whatsoever to contradict the Plaintiff's *prima facie* showing that this Court has personal jurisdiction over the Defendants. Rather, Defendants rely solely upon rehashing conclusory or speculative arguments without basis in law or fact. An evidentiary hearing, therefore, is not only unnecessary but overly burdensome.

When the Court decides a 12(b)(2) motion to dismiss on the affidavits alone, or when the Court allows for limited jurisdictional discovery, the Plaintiff's burden is to establish a *prima facie* showing that personal jurisdiction exists. However, if the Court allows for an evidentiary hearing on personal jurisdiction, the Plaintiff's burden rises to a preponderance of the evidence. *Wuliger v. Positive Living Res.*, 410 F.Supp. 2d 701 (N.D. Ohio 2006). Here, the Plaintiff's burden is already met, and the matter of jurisdiction has been already briefed.

The Plaintiff made a *prima facie* showing that this Court has personal jurisdiction over the Defendants in his well-pled complaint, sworn affidavits, and numerous exhibits. The Plaintiff more thoroughly briefed the matter in his subsequent Brief in Opposition to Defendants' Motion to Dismiss, attaching a supplemental affidavit, and supporting exhibits. Ohio's long-arm statute confers jurisdiction, and the exercise of jurisdiction will not deprive Defendants the right to due process. But in the face of evidence offered by the Plaintiff, Defendants offer nothing more than unsubstantiated allegations, and their subjective belief that factual issues remain unresolved.

The Plaintiff demonstrated that his relocation to Ohio was publicly announced well in advance, months before Defendants' defamation began. Concerning the Plaintiff's name recognition, he gave sworn statements describing Google's® Trends methodology and algorithms that verify his following is heavily weighted in Ohio. These and other allegations don't merely rest on conjecture or supposition, but on well-pled facts. Defendants knew the SSA and Camp Quest organizations were headquartered in Ohio, and they knew the Plaintiff was so affiliated, as they expressly discussed in their defamatory statements. They urged those two Ohio organizations to end their association with the Plaintiff, and it can be reasonably characterized as the Defendants' intent to intervene and interfere with the SSA's and Camp Quest's professional affiliations, including ongoing business expectancies. The Defendants' express aim thus can be said to have reached into Ohio. In other words, they intended their extra-forum conduct to reach and affect the Plaintiff's business operations in Ohio.

Defendants are fond to say they believed the Plaintiff was in California, though none of Defendants reside in California and would, therefore, still be required to litigate on the road. Defendants' collusion spans multiple states, and they fail to propose a more suitable venue than

Ohio, which is where, after all, their wrongful conduct was calculated to cause injury. The Plaintiff's burden, however, to litigate this suit in another state might be so substantial as to practically forego the claim.

Notably, Defendants made evidence of malice and/or collusion very much at issue, and relevant to the issue of jurisdiction. Notwithstanding the limited scope of discovery relevant to determining personal jurisdiction, the jurisdictional facts in this case are inextricably entangled with the Plaintiff's case-in-chief. And yet, Defendants failed to provide substantive responses to written requests for discovery concerning such evidence.

Defendants argued, in their Motion to Dismiss ("Motion to Dismiss") (Dkt. No. 10), that without a showing of actual malice, the Court in this case would not have personal jurisdiction over the Defendants. They wrote, " . . . he must show that the Defendants *caused a tortious injury in this state*" and "[t]o show injury, Plaintiff will need to prove by clear and convincing evidence that the Defendants published their statements with actual malice. See Footnote 2, above". *See* Motion to Dismiss, Dkt. No. 10, p. 7 (emphasis original). They continued, "Defendants reasonably believed the facts they reported on were true. They reported on those facts, with no intent to harm Carrier or his reputation, but to protect his possible future victims. These are matters of public concern and are about a public figure. Therefore, even if the facts are negligently incorrect, Defendants would only be liable if Plaintiff could establish Defendants published the statements with knowledge of their falsity or a reckless disregard for the truth." *See* Motion to Dismiss, Dkt. No. 10, p. 8. But Defendants refused, or were unable, to substantively produce discoverable evidence concerning malice or the lack thereof.

Defendants objected and otherwise failed to provide substantive responses to requests for admission that included, among other matters; personal conflicts with the Plaintiff, whether

anyone from Defendant Skepticon, other than Defendant Lane, spoke with the person claimed to have been sexually harassed by the Plaintiff, whether anyone at Skepticon or Defendant The Orbit conducted an investigation of the alleged sexual harassment, whether Defendant FreeThoughtBlogs sponsored an attorney presentation concerning sexual harassment law and described failure to ask for an accused person's side of the story as legally reckless, whether Defendants checked the Plaintiff's alibis before publishing their allegations of misconduct, whether Defendants refused to disclose the name(s) of alleged accuser(s) and failed to provide the Plaintiff with an opportunity to comment, whether Defendants colluded prior to publishing their statements, whether former and later statements were inconsistent, whether it was suggested to Defendants that statements pursuant to a fundraising campaign were too innocuous and therefore ought to be embellished and made more outrageous, whether there are no corroborating witnesses, whether there are multiple contradicting witnesses, and whether statements were published without any basis in personal knowledge.

Defendants also objected and otherwise failed to provide substantive responses to interrogatories that include; information to establish the existence of alleged accusers, information to establish the existence of alleged witnesses, or steps taken to authenticate the veracity of alleged accusers' claim(s).

Defendants further objected and otherwise failed to provide substantive responses to requests for production that include; documentation concerning allegations of sexual harassment or any similar misconduct alleged against the Plaintiff, documentation sent to or received from any alleged accuser, or documents Defendants claim to have examined to authenticate the veracity of any alleged accusers' claim(s).

Defendants rely on mere allegations, speculation, and innuendo, and they conspicuously avoid producing evidence that would otherwise put this case to rest. Defendants' absence of evidence is evidence itself. Malice should therefore be presumed, and the Plaintiff should be spared the burden of an unnecessary evidentiary hearing.

## **DEFENDANTS' POSITION**

Defendants' position is that an evidentiary hearing is necessary to resolve certain disputed facts related to jurisdiction. Carrier must show that the facts support a finding of personal jurisdiction over the Defendants under the Ohio Long Arm statute. The Ohio Long Arm Statute has a three-prong test: 1) the injury must be in Ohio, 2) the Defendants must have acted out of state with the purpose of injuring someone, 3) the Defendants must have had a reasonable expectation that someone would be injured in Ohio.

Even if Carrier can show that the facts of his case fit the Ohio Long Arm statute, he must then also show that finding that Ohio has jurisdiction satisfies due process. There are four main parts to a due process analysis in a defamation case: First, a Plaintiff must satisfy the Calder effects test, which means that Carrier must show: that Ohio was the focal point of the statements; that the statements were purposefully targeted at an Ohio resident; that the Defendants knew that the brunt of the alleged injury would be felt by Carrier in Ohio; and that the Defendants could have reasonably anticipated being hailed before an Ohio Court. Next, once the Calder effects are shown, then Carrier must show that there is no nexus with the forum state, third Carrier must show that bringing a lawsuit in Ohio is reasonable, and last Carrier must show that venue is proper. Accordingly, good cause exists for the request for an evidentiary hearing on the subject of jurisdiction as follows:

1. Carrier's evidence that he has been injured specifically in Ohio are his Google trends reports. However, Defendants' can produce evidence that it is impossible to duplicate his Google trends reports. Thus, there is an evidentiary question as to whether Google trends reports establish harm in Ohio.

2. Carrier's evidence that he has been injured specifically in Ohio is that he has emailed people for jobs in Ohio and he has not received responses. Carrier has disclosed who he emailed, and Defendants can show that the people he emailed for work are no longer in a position to give him work. Thus, there is an evidentiary quest as to whether Dr. Carrier has suffered harm in Ohio.

3. Carrier's evidence regarding whether he has been injured in Ohio is that the Secular Students Association ("SSA") in Ohio has not given him work. However, Defendants can provide evidence, from his deposition, that Carrier was having sex with the wife of the Executive Director of the SSA, which shows that Carrier's lack of work has little to do with Defendants' statements.

4. Carrier has alleged that all of the Defendants had a reasonable expectation that he would be injured specifically in Ohio and that all the Defendants knew he lived in Ohio. Defendants can provide evidence and testimony that they in fact did not know he lived in Ohio, which is a crucial fact in dispute since Carrier must show that the Defendants *intended to injure him* in Ohio and *purposefully targeted him* in Ohio pursuant to the Ohio Long Arm Statute and the Calder Effects Test.

   a. Defendant Amy Skiba can provide evidence and testimony that she did not know that Carrier lived in Ohio. Carrier claims that she should have known

        because he posted it on Facebook, but he also admits that he does not read everything on his own Facebook wall.

   b.    Carrier claims that he told Defendant PZ Meyers on the phone that he lived in Ohio but PZ Meyers will testify that he did not talk to Carrier on the phone prior to publishing his blog post.

   c.    Carrier claims that the rest of the Defendants should have known that he lived in Ohio because his lawyer's cease and desist letter came from an Ohio lawyer. The rest of the Defendants will testify that the letter: 1) came after they published the alleged defamatory statements and, 2) that the address of the lawyer means nothing to them since they themselves sought out attorneys who focused on defamation law, regardless of the attorney's location.

5.    Plaintiff cannot show there is a nexus with Ohio and Defendants can show through testimony that they had no expectation that they would be hailed to an Ohio court and that they all believed he lived in California. Further, Defendants will testify that when they all met him, he lived in California, which shows that there is a nexus with California, not Ohio.

6.    Plaintiff has produced no evidence to show that Defendants would not be burdened to litigate in Ohio, while Defendants can provide evidence through testimony that they will be burdened to litigate in Ohio.

7.    Plaintiff's evidence that he could not obtain relief in any other state is only cost, namely that he believes that attorneys outside of Ohio are more expensive. Defendants can show that he could obtain relief in another state and that the speculative cost of an attorney in another state versus the cost of an attorney in Ohio is irrelevant.

8. Plaintiff's only evidence that another state could not secure a more efficient resolution is his belief that an attorney in another state would cost more; however, cost is irrelevant and Defendants can provide evidence that other states, such as California, could secure a more efficient resolution.

Defendants believe that Dr. Carrier has not marshalled sufficient evidence to establish that he this Court has jurisdiction over the Defendants. In other words, even if all of his assertions of fact (not his opinions) are true, there is still no basis for jurisdiction. However, if the Court disagrees and believes that his factual assertions could establish jurisdiction, then the Court must hold a hearing to determine which facts are true. Because each of the issues identified above involve some level of factual dispute which requires the evaluation of the credibility of the witnesses, an evidentiary hearing is required to resolve those disputes.

Dated this 28th day of February 2018.  Respectfully submitted,

/s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH 43017
(614) 668-8442
(614) 675-2210 fax
*jeff@campbellperrylaw.com*
*Counsel for Plaintiff*
Dr. Richard Carrier, Ph.D.

Dated this 28th day of February 2018.    Respectfully submitted,

/s/ Jeffrey M. Nye
Jeffrey M. Nye (0082247)
STAGNARO, SABA & PATTERSON CO. L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6714
(513) 533-6711-facsimile
jmn@sspfirm.com

Marc J. Randazza (*Pro Hac Vice*)
D. Gill Sperlein (*Pro Hac Vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 South El Capitan Way
Las Vegas, NV 89147
(402) 420-2001
(305) 437-7662 -facsimile
ecf@randazza.com

*Counsel for Defendants*
Freethoughtblogs Network, Paul Z. Myers, Ph.D.,
The Orbit, Stephanie Zvan, Skepticon, Inc.,
Lauren Lane, and Amy Frank-Skiba

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and accurate copy of the foregoing was served upon all parties via CM/ECF on February 28, 2018.

/s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)