# <u>EXHIBIT 2</u>

Plaintiff's Response to Defendants' First Set of
Requests for Interrogatories, Production of
Documents, and for Admissions Documents

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DR. RICHARD CARRIER | : | |
| | : | |
| Plaintiff, | : | Case No. 2:16-cv-00906-MHW-EPD |
| | : | |
| -vs- | : | JUDGE  Michael H. Watson |
| | : | |
| FREETHOUGHTBLOGS NETWORK, | : | |
| PAUL Z. MYERS, PH.D., THE ORBIT, | : | **PLAINTIFF DR. RICHARD CARRIER'S** |
| STEPHANIE ZVAN, SKEPTICON, INC., | : | **RESPONSES TO DEFENDANTS' FIRST** |
| LAUREN LANE, and | : | **SET OF REQUESTS FOR** |
| AMY FRANK-SKIBA | : | **INTERROGATORIES, PRODUCTION OF** |
| | : | **DOCUMENTS, AND FOR ADMISSIONS** |
| Defendants | : | |

Now comes Plaintiff, **Dr. Richard Carrier** ("Dr. Carrier" or "Plaintiff"), by and through

undersigned counsel, and for his Responses and Objections to Defendants First Set of Requests for

Interrogatories, Requests for Production of Documents, and for Admissions ("Discovery Request"),

states as follows:

### GENERAL OBJECTIONS

1.      Plaintiff objects to Defendants' Discovery Request to the extent it seeks to impose

requirements beyond those provided under Rules 33, 34, and 36 of the Federal Rules of Civil

Procedure, and/or the Local Rules of this Court.

2.      Plaintiff objects to Defendants' Discovery Request to the extent it demands the

production of information and/or documents protected from discovery under the attorney work

product doctrine, attorney-client privilege, and/or any other applicable privilege.

3.      Plaintiff objects to Defendants' Discovery Request to the extent it is unduly burdensome or oppressive, or would subject Plaintiff to undue expense, and/or is harassing, duplicative, vague, or ambiguous.

4.      No answer, objection, or written response stated herein shall be deemed an admission that any document requested of Plaintiff (a) exists; (b) is within the possession, custody, or control of Plaintiff; (c) is relevant to the subject matter of this lawsuit, or is reasonably calculated to lead to the discovery of admissible evidence; and/or (d) is admissible evidence in this case, including, but not limited to, at any hearing.

5.      Plaintiff reserves the right to supplement these answers, objections, written responses, and document production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

6.      Plaintiff objects to Defendants' Discovery Request to the extent it seeks from Plaintiff information in the possession, custody, and/or control of other persons, and wrongly purports to shift to Plaintiff the burden of obtaining such information.

## ANSWERS, OBJECTIONS, AND WRITTEN RESPONSES

Subject to, and without waiving the foregoing General Objections, Plaintiff hereby provides the following Answers, Objections, and Written Responses to Defendants' Discovery Request:

<u>INTERROGATORIES</u>

**INTERROGATORY NO. 1**:

Identify all facts supporting your allegation that each of the Defendants was aware that you were allegedly domiciled in the State of Ohio at the times they published each of the alleged defamatory statement[s] set forth in your Complaint.

**ANSWER**:

**OBJECTION.  Interrogatory No. 1 calls for a narrative response more appropriate to other forms of discovery.**

**Without waiving said objection, Plaintiff responds to Interrogatory No. 1 as follows:**

**Facts related to the allegations in Plaintiff's Complaint can be found in the documents produced in response to Defendants' Requests for Production, any and all documents, information, and testimony to be obtained by way of deposition, and/or subpoena, and all documents identified in discovery.**

**Before June 2016 the Plaintiff directly informed at least two owners and operators of The Orbit, Greta Christina and Miri Mogilevsky, of Plaintiff's residence in Ohio. According to documents produced in response to Plaintiff's Requests for Production, Greta Christina did inform Defendants Zvan and The Orbit of Plaintiff's Ohio residence.**

**According to responses to Plaintiff's Discovery Requests, Defendant Frank-Skiba acknowledged monitoring Plaintiff's Facebook® posts, and to searching the internet for Plaintiff's various announcements.**

**Plaintiff's relocation to Ohio was widely publicized, months in advance, and all such non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**In or around July 2016, all Defendants were on notice, when they received cease & desist letters from Plaintiff's Ohio attorney.  All defendants collaborated following receipt of Plaintiff's cease & desist letters, before Defendants reaffirmed and/or**

3

**refused to retract their false and defamatory statements of and concerning the Plaintiff.**

**INTERROGATORY NO. 2**:

Describe in detail any education or training You have, whether self-directed or from a third-party, relating to formulating Google Trends searches or interpreting Google Trends results.

**ANSWER**:

**OBJECT to form. Interrogatory No. 2 calls for a narrative response more appropriate to other forms of discovery.**

**Without waiving said objection, Plaintiff responds to Interrogatory No. 2 as follows:**

**Google® Trends is a free public service, provided for any Internet user, and from which parameters may be selected using dropdown list menus of stock keywords and phrases, to generate analytics, and other relevant metrics. The Plaintiff followed Google's® online tutorial and documentation, and the resulting Google® Trends reports can be found in the documents produced in response to Defendants' Requests for Production.**

**The Plaintiff reserves the right to supplement this response after further discovery associated with this matter.**

**INTERROGATORY NO. 3**:

Identify all persons who assisted you to forming and/or interpreting the Google Trends searches you relied upon in your Opposition to Defendant's Motion to Dismiss.

**ANSWER**:

**OBJECT to form. Interrogatory No. 3 calls for a narrative response more appropriate to other forms of discovery.**

**Without waiving said objection, Plaintiff responds to Interrogatory No. 3 as follows:**

**Google® Trends is a free public service, provided for any Internet user, and from which parameters may be selected using dropdown list menus of stock keywords and phrases, to generate analytics, and other relevant metrics.  The Plaintiff followed Google's® online tutorial and documentation, and the resulting Google® Trends reports can be found in the documents produced in response to Defendants' Requests for Production.**

**The Plaintiff reserves the right to supplement this response after further discovery associated with this matter.**

## INTERROGATORY NO. 4:

Identify any and all parties who have paid, are paying, or will pay your legal costs and or attorneys' fees relating to this action.

## ANSWER:

**OBJECT to form.  Subject to stated objection, Plaintiff responds to Interrogatory No. 4 as follows:**

**Plaintiff has paid all legal costs and/or attorney's fees related to this action.  Such records will be disclosed in accordance with the Federal Rules of Civil Procedure, and any applicable orders of the trial court.**

**Plaintiff will continue to supplement discovery and provide Defendants with copies of invoices for his attorney's fees through and during trial.**

## INTERROGATORY NO. 5:

Describe in detail the steps you took to create the Google Trends results attached as Exhibit AA to Your Opposition to Defendants' Motion to Dismiss, Doc. No. 17-28.

## ANSWER:

**OBJECT to form.  Subject to stated objection, Plaintiff responds to Interrogatory No. 5 as follows:**

Plaintiff accessed the Internet while physically located at home in Columbus, Ohio. On December 08, 2016, Plaintiff accessed the URL, https://support.google.com/trends/answer/4355213?hl=en&ref_topic=6248052. Google® Trends data exhibits slight variances, each time a report is generated, due to random sampling. Search terms with low volume are excluded, as are repeated searches for the same person over a short period of time.

On December 08, Plaintiff generated a Google® Trends report for the relevant time span. The report shows slightly different but substantially the same results, for the otherwise identical report, attached as Exhibit 20 to Plaintiff's Complaint. Results differ slightly each time a report is generated. A true and correct copy of the webpage as Plaintiff observed it on December 08, 2016 is attached as Exhibit AA to Plaintiff's Opposition to Defendants' Motion to Dismiss.

All relevant, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.

**INTERROGATORY NO. 6**:

Identify all facts supporting Your allegation that You suffered harm resulting from Defendants' alleged actions in the state of Ohio.

**ANSWER**:

OBJECTION. Interrogatory No. 6 calls for a narrative response more appropriate to other forms of discovery.

By way of further objection, Interrogatory No. 6 calls for information that is highly confidential, highly proprietary, trade secret, and that may be privileged.

Without waiving said objection, Plaintiff responds to Interrogatory No. 6 as follows:

Facts related to the allegations in Plaintiff's Complaint can be found in the documents produced in response to Defendants' Requests for Production, any and all documents, information, and testimony to be obtained by way of deposition, and/or subpoena, and all documents identified in discovery.

The Plaintiff claims lost principal sources of income in Ohio, which is the Plaintiff's center of business, and is where Plaintiff endeavors to remain indefinitely. The Plaintiff further claims that Defendants' conduct is characterized by hatred, ill will, or a spirit of revenge, or a conscious disregard for the probability of causing harm.

By defaming Plaintiff to the SSA central office in Ohio, Plaintiff continues to suffer a hardship from lost SSA affiliate events both inside and outside of Ohio. By defaming Plaintiff to Camp Quest, Plaintiff is no longer able to work with Camp Quest in Columbus, Ohio. Plaintiff's damages include, not only direct income, but also intangible lost value to his brand and goodwill.

Prior to Defendants' injurious statements, Plaintiff had ongoing initiatives to conduct business with Ohio organizations that include; PolyColumbus, The Columbus Space for Alternative Self Expression, Columbus Rationality, the Secular Student Alliance at OSU Columbus, the Humanist Community of Central Ohio, CFI North East Ohio, the University of Cincinnati SSA affiliate, the Secular Students of Miami SSA affiliate in Oxford, Ohio, the University of Akron SSA affiliate, the Case CFI club at Case Western Reserve University, the Northern Ohio Freethought Society, the Cleveland Freethinkers, the Central Ohio United Non-Theists, the Omnipresent Atheists of Columbus, the Free Inquiry Group of Cincinnati, the Tri-State Atheists of Cincinnati, the Ohio University Secular Student Alliance, the Secular Student Alliance at Cleveland State University, and many other universities and colleges across Ohio.

Defendants' statements have adversely affected the Plaintiff's business and profession, including to his scholarly credibility, business opportunities, and income, and caused psychological and emotional trauma and suffering that is continuing.

Defendants' statements caused the Plaintiff to suffer injury to his professional standing, to his reputation, and to his good name, and Defendants' statements have held Plaintiff up to public scandal and ridicule.

Ohio law further authorizes an award of punitive damages for any tort action, including claims of tortious interference.

The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.

**INTERROGATORY NO. 7**:

Set forth all facts supporting the basis for your statement in your affidavit, appearing at Doc. No. 17-1, ¶¶ 26, 38, 51, 69 & 79, that defendants "knew of my business affiliations in Ohio, and of my permanent relocation to Ohio," including, but not limited to, the dates each defendant obtained such knowledge, the source of such knowledge, and how you came to learn each defendant possessed such knowledge.

**ANSWER**:

**OBJECTION.  Interrogatory No. 7 calls for a narrative response more appropriate to other forms of discovery.**

**By way of further objection, Interrogatory No. 7 calls for information that is highly confidential, highly proprietary, trade secret, and that may be privileged.**

**Without waiving said objection, Plaintiff responds to Interrogatory No. 7 as follows:**

**Facts related to the allegations in Plaintiff's Complaint can be found in the documents produced in response to Defendants' Requests for Production, any and all documents, information, and testimony to be obtained by way of deposition, and/or subpoena, and all documents identified in discovery.**

**Facts related to Defendants' knowledge of Plaintiff's business affiliations in Ohio, and of Plaintiff's permanent relocation to Ohio, can be found in Plaintiff's response to Interrogatory No. 1 above.**

**The Plaintiff claims lost principal sources of income, and further claims that Defendants' conduct is characterized by hatred, ill will, or a spirit of revenge, or a conscious disregard for the probability of causing harm.  Ohio law further authorizes an award of punitive damages for any tort action, including claims of tortious interference.**

**The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

8

**INTERROGATORY NO. 8**:

Set forth all facts supporting the basis for your statement in your affidavit, appearing at Doc. No. 17-1, ¶¶ 27 & 28, that one or more defendants were aware of the April 26, 2016 and May 24, 2016 alleged announcements, including, but not limited to, the dates each defendant became so aware, how each defendant became so aware, and how you came to learn each defendant became so aware.

**ANSWER**:

**OBJECTION. Interrogatory No. 8 calls for a narrative response more appropriate to other forms of discovery.**

**Without waiving said objection, Plaintiff responds to Interrogatory No. 8 as follows:**

**Facts related to the allegations in Plaintiff's Complaint can be found in the documents produced in response to Defendants' Requests for Production, any and all documents, information, and testimony to be obtained by way of deposition, and/or subpoena, and all documents identified in discovery.**

**Facts related to Defendants' knowledge of Plaintiff's business affiliations in Ohio, and of Plaintiff's permanent relocation to Ohio, can be found in Plaintiff's response to Interrogatory No. 1 above.**

**The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**INTERROGATORY NO. 9**:

Set forth all facts supporting the basis for your statement in your affidavit, appearing at Doc. No. 17-1, ¶¶ 58 & 64, that one or more defendants had personal knowledge you were allegedly relocating your residence to Ohio, including, but not limited to, the dates each defendant obtained such knowledge, the source of such knowledge, and how you came to learn each defendant possessed such knowledge.

**ANSWER**:

**OBJECTION.  Interrogatory No. 9 calls for a narrative response more appropriate to other forms of discovery.**

**Without waiving said objection, Plaintiff responds to Interrogatory No. 9 as follows:**

**Facts related to the allegations in Plaintiff's Complaint can be found in the documents produced in response to Defendants' Requests for Production, any and all documents, information, and testimony to be obtained by way of deposition, and/or subpoena, and all documents identified in discovery.**

**Facts related to Defendants' knowledge of Plaintiff's permanent relocation to Ohio can be found in Plaintiff's response to Interrogatory No. 1 above.**

**The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**INTERROGATORY NO. 10**:

Set forth all of Your income from January 1, 2010 to the present, identifying sources and amounts therefrom, per year, by source, and by location.

**ANSWER**:

**OBJECTION.  Interrogatory No. 10 calls for a narrative response more appropriate to other forms of discovery.**

**By way of further objection, information requested in this Interrogatory is not relevant, and is not reasonably calculated to lead to evidence admissible at the trial of this matter.**

**Without waiving said objection, Plaintiff responds to Interrogatory No. 10 as follows:**

**Facts related to the allegations in Plaintiff's Complaint can be found in the documents produced in response to Defendants' Requests for Production, any and all documents, information, and testimony to be obtained by way of deposition, and/or subpoena, and all documents identified in discovery.**

**The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**INTERROGATORY NO. 11**:

Describe in detail your travel schedule from April 2016 through present, documenting which dates you arrived and/or left the state of Ohio, where you went, how long you were away, and where you stayed during each trip (i.e. at a hotel, at a second home [owned or rented], at a friend's home, etc.).

**ANSWER**:

**OBJECTION.  Interrogatory No. 11 calls for a narrative response more appropriate to other forms of discovery.**

**By way of further objection, Interrogatory No. 11 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving said objection, Plaintiff responds to Interrogatory No. 11 as follows:**

**On March 31, 2016, Plaintiff flew to Columbus, Ohio in preparation for his permanent relocation thereto.  On April 04, 2016, Plaintiff opened a bank account in Columbus, Ohio, and entered into a residential lease agreement.  On or about April 16, 2016, Plaintiff announced his permanent move to Columbus, Ohio, which Plaintiff completed as of May 31, 2016.  On April 08, 2016, Plaintiff directly informed The**

11

Orbit co-owner and operator, Miri Mogilevsky, of his impending relocation. On or before May 21, 2016, Plaintiff directly informed The Orbit co-owner and operator, Greta Christina, of his impending relocation.

Between April 12 & 14, 2016, Plaintiff flew roundtrip to Georgia. Between April 17 & 23, Defendant drove to Southern California. Between May 13 & 15, Plaintiff flew to Florida.

En route from California to Columbus, Plaintiff made scheduled stops in Reno, Nevada (May-24), Salt Lake City, Utah (May-25), Denver, Colorado (May-26), Omaha, Nebraska (May-27), Kansas City (May-28 & 29), and Indianapolis, Indiana (May-30). All scheduled stops were widely publicized on Plaintiff's website and on social media.

But for Defendants' false and defamatory statements published in June and July 2016, Plaintiff would have otherwise procured paid events in Ohio. Plaintiff was therefore forced to find alternative paid work and, in September 2016, traveled to California and, in October 2016, traveled to Edinboro, Pennsylvania, Milwaukee, Wisconsin, and Michigan.

In November 2016, Plaintiff was forced to find alternative paid work, and traveled from Ohio to Missouri, Oklahoma, New Mexico, California, Arizona, Texas, and Arkansas, returning to Ohio on or about December 02, 2016.

Throughout 2017, Plaintiff's travels included both business and vacation destinations in Tennessee, Arkansas, Missouri, Illinois, Georgia, Indiana, California, Virginia, Washington D.C., Pennsylvania, and others.

The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.

**INTERROGATORY NO. 12**:

Identify at least 15 people, including but not limited to friends, colleagues, and/or family members, that live in the state of Ohio and state their name, address, telephone number, and email address, including a brief statement for each person that states how you know them and how long you have known them; if you cannot identify at least 15 people, please state why not.

**ANSWER**:

OBJECTION. Interrogatory No. 12 calls for a narrative response more appropriate to other forms of discovery.

By way of further objection, Interrogatory No. 12 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

By way of further objection, Interrogatory No. 12 calls for information that is highly confidential, highly proprietary, trade secret, and that may be privileged.

Without waiving said objection, Plaintiff responds to Interrogatory No. 12 as follows:

(1) Miri Mogilevsky, co-owner-operator of The Orbit, and previous friend and colleague for over five years, mmmogilevsky@gmail.com, 1491 King Ave., Columbus, OH 43212

(2) Lynne Torello, primary care physician on Plaintiff's Ohio CareSource medical insurance network for the last year, (614) 685-6056, OSUP Crown Park, 1980 Bethel Rd. Ste. 100, Columbus, OH 43220

(3) Rita Konfala, primary care physician on Plaintiff's Ohio CareSource medical insurance network for the previous year, (614) 293-8000, 2050 Kenny Rd., Columbus, OH 43221

(4) Amanda Metskas, a friend for over five years and girlfriend for approximately two years, president of Camp Quest national until the end of 2016, metskas@gmail.com, (614) 571-5112, 1058 Berkeley Rd., Columbus, OH 43206

13

**(5) August Brunsman, husband of Amanda Metskas and a friend for over five years, president of the Secular Student Alliance until 2017, august@lucidcarbon.com, (614) 596-7940, 1058 Berkeley Rd., Columbus, OH 43206**

**(6) Lynne Bieber, girlfriend since April of 2016, lynnebieber@gmail.com, (614) 302-4168, 3911 Orange Blossom Ln., Columbus, OH 43230**

**(7) Valerie Gilbert, friend in Columbus since July of 2016, braveelitegirl@gmail.com, (330) 319-4470, 3527 Wilson Woods Dr., Columbus, OH 43204**

**(8) Rita Messer, friend for approximately three years, ritadmesser@gmail.com, (575) 313-1927, 1076 Geers Ave., Columbus, OH 43206**

**(9) Mary Beaton, friend for approximately three years, mary.beaton@gmail.com, (614) 292 4958, 1011 Bulen Ave., Columbus, OH 43206**

**(10) Gary Morkassel, friend for approximately two years, www.facebook.com/gary.morkassel, 12352 Wallbrown Rd., Athens, OH 45701.**

**(11) Rachel Chase, friend for approximately two    years, rachel.p.chase@gmail.com, (614) 937-9350, 14 Juniper Ave., Westerville, OH 43081**

**(12) Frank Zindler, friend and colleague for over ten years, fzindler@atheists.org, (614) 327-4999, 1352 Hunter Ave., Columbus, OH 43201**

**(13) Gavin Haab, friend for nearly two years, gavinhaab@gmail.com, (614) 313-8210, 168 Hanford St., Columbus, OH 43206**

**(14) Randy Carr, primary Ohio tax accountant for fiscal year 2017, Randy@CPAsolutionsOhio.com, (614) 429-0890, 1153 Neil Ave., Columbus, OH 43201**

**(15) Susan Lauck, secondary Ohio tax accountant for fiscal year 2017, susan@CPAsolutionsOhio.com, (614) 429-0890, 1153 Neil Ave., Columbus, OH 43201**

**The Plaintiff expressly reserves the right to supplement this response.**

**INTERROGATORY NO. 13**:

Identify at least 15 people who have had actual knowledge of your intention of moving to Ohio between the dates of April 2016 through September 2016, and state their name, address, telephone number, and email address, including a brief statement for each person that states how you know them and how long you have known them; if you cannot identify at least 15 people, please state why not.

**ANSWER**:

**OBJECTION.  Interrogatory No. 13 calls for a narrative response more appropriate to other forms of discovery.**

**By way of further objection, Interrogatory No. 13 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**By way of further objection, Interrogatory No. 13 calls for information that is highly confidential, highly proprietary, trade secret, and that may be privileged.**

**Without waiving said objection, Plaintiff responds to Interrogatory No. 13 as follows:**

**(1) Miri Mogilevsky, co-owner-operator of The Orbit, and previous friend and colleague for over five years, mmmogilevsky@gmail.com, 1491 King Ave., Columbus, OH 43212**

**(2) Greta Christina, co-owner-operator of The Orbit, and previous friend and colleague for over five years, gcgreta@doubtfulpalace.com, (415) 342-5336. 1270, Vermont St., San Francisco, CA  94110**

**(3) Stephanie Zvan, co-owner-operator of The Orbit, and previous friend and colleague for over five years, stephanie.zvan@gmail.com, (612) 871-5108, 2101 11'th Ave. S, Minneapolis, MN 55404**

**(4) Paul Z. Myers, CEO of FreethoughtBlogs, and previous friend and colleague for over five years, pzmyers@gmail.com, (320) 288-8170, 300 College Avenue, Morris, MN 56267**

**(5) Amanda Metskas, a friend for over five years and girlfriend for about two years, president of Camp Quest national until the end of 2016, metskas@gmail.com, (614) 571-5112, 1058 Berkeley Rd., Columbus, OH 43206**

**(6) August Brunsman, husband of Amanda Metskas and a friend for over five years, president of the Secular Student Alliance until 2017, august@lucidcarbon.com, (614) 596-7940, 1058 Berkeley Rd., Columbus, OH 43206**

**(7) Lynne Bieber, girlfriend since April of 2016, lynnebieber@gmail.com, (614) 302-4168, 3911 Orange Blossom Ln., Columbus, OH 43230**

**(8) Mary Beaton, friend for approximately three years, mary.beaton@gmail.com, (614) 292 4958, 1011 Bulen Ave., Columbus, OH 43206**

**(9) Gary Morkassel, friend for approximately two years, www.facebook.com/gary.morkassel, 12352 Wallbrown Rd., Athens, OH 45701**

**(10) Rachel Chase, friend for approximately two years, rachel.p.chase@gmail.com, rachel.p.chase@gmail.com, (614) 937-9350, 14 Juniper Ave., Westerville, OH 43081**

**(11) David Fitzgerald, friend for over ten years, everybodylovesdave@gmail.com, (415) 939-3043, 2527 44th Ave., San Francisco, CA 94116**

**(12) Dana Fredsti, friend for over ten years, zhadi1@yahoo.com, (415) 748-1126, 2527 44th Ave., San Francisco, CA 94116**

**(13) David Diskin, friend and colleague for over five years, david@lodiunited.org, (209) 610-0651, 2250 Scarborough Drive #30, Lodi, CA 95240**

**(14) Sarah Casteel, girlfriend in 2015 and 2016 and friend in 2017, sarah.d.casteel@gmail.com, (209) 447-8555, 441 W. Alameda St., Manteca, CA**

(15) Thousands of various Twitter® followers (Document 52) (Plaintiff BIO, Aff. Exh. BB), nearly five thousand Facebook® friends and followers (Documents 54 through 56) (Plaintiff BIO, Aff. Exh. N & CC) (Plaintiff BIO, Aff. Exh. CC), and tens of thousands of FreethoughtBlogs readers (Plaintiff BIO, Aff. Exh. I & J)

The Plaintiff expressly reserves the right to supplement this response.

**INTERROGATORY NO. 14**:

Describe in detail your employment history in 2016, including who has employed you for any purpose, including freelance gigs; and state the employer's name and/or company name, indicate who your contact person at the company was, if any, and state the address, telephone number, and email address for each employer.

**ANSWER**:

OBJECTION. Interrogatory No. 14 calls for a narrative response more appropriate to other forms of discovery.

By way of further objection, Interrogatory No. 14 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

By way of further objection, Interrogatory No. 14 calls for information that is highly confidential, highly proprietary, trade secret, and that may be privileged.

Without waiving said objection, Plaintiff responds to Interrogatory No. 14 as follows:

At all times relevant, Plaintiff has been a self-employed, independent contractor. All responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response. Also see Plaintiff's Response to Interrogatory Nos. 6 & 10.

The Plaintiff expressly reserves the right to supplement this response.

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

**<u>REQUEST FOR PRODUCTION NO. 1</u>:**

     Produce all documents supporting your allegation that each of the Defendants were aware that you were domiciled in the State of Ohio at the times they published each of the alleged defamatory statements set forth in your Complaint, including without limitation documents that demonstrate that Plaintiffs [Defendants] saw or read any online statements you published concerning your move to Ohio.

**<u>ANSWER</u>:**

> **OBJECT to form. Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**
>
> **The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**

     Produce all documents supporting your allegation that each of the Defendants intended to cause you harm particularly in the state of Ohio.

**<u>ANSWER</u>:**

> **OBJECT to form. Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**
>
> **The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**REQUEST FOR PRODUCTION NO. 3**:

Produce all documents that demonstrate your ties to the Secular Student Alliance, including but not limited to documents setting forth income you have received from the Secular Student Alliance.

**ANSWER**:

**OBJECTION.  This Request for Production is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**By way of further objection, this Request for Production seeks information that is highly confidential, highly proprietary, trade secret, and that may be privileged.**

**By way of further objection, this Request for Production is propounded upon the Plaintiff solely for the purpose of embarrassment and harassment.**

**Accordingly, Request for Production No. 3 is neither relevant nor discoverable.**

**Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response when the Court rules on Plaintiff's objections.**

**REQUEST FOR PRODUCTION NO. 4**:

Produce all documents that demonstrate your ties to Camp Quest, including but not limited to documents setting forth income you have received from Camp Quest.

**ANSWER**:

**OBJECTION.  This Request for Production is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**By way of further objection, this Request for Production seeks information that is highly confidential, highly proprietary, trade secret, and that may be privileged.**

**By way of further objection, this Request for Production is propounded upon the Plaintiff solely for the purpose of embarrassment and harassment.**

**Accordingly, Request for Production No. 4 is neither relevant nor discoverable.**

**Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response when the Court rules on Plaintiff's objections.**

**REQUEST FOR PRODUCTION NO. 5**:

Produce all documents that demonstrate your ties to any Ohio based organization other than the Secular Student Alliance or Camp Quest, including but not limited to documents setting forth income you have received from such organizations.

**ANSWER**:

**OBJECTION. This Request for Production is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**By way of further objection, this Request for Production seeks information that is highly confidential, highly proprietary, trade secret, and that may be privileged.**

**By way of further objection, this Request for Production is propounded upon the Plaintiff solely for the purpose of embarrassment and harassment.**

**Accordingly, Request for Production No. 5 is neither relevant nor discoverable.**

**Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response when the Court rules on Plaintiff's objections.**

<u>**REQUEST FOR PRODUCTION NO. 6**</u>:

Produce all documents that demonstrate you have any knowledge concerning Google Trends, how to effectively use Google Trends, or how to interpret data from Google Trends.

<u>**ANSWER**</u>:

**There are no documents responsive to this Request for Production in the possession, custody, or control of the Plaintiff.**

<u>**REQUEST FOR PRODUCTION NO. 7**</u>:

Produce all documents that demonstrate the qualifications of any person who assisted you in formulating the Google Trends searches, the results of which you relied upon in your Opposition to Defendant's Motion to Dismiss.

<u>**ANSWER**</u>:

**There are no documents responsive to this Request for Production in the possession, custody, or control of the Plaintiff.**

**The Plaintiff has not yet retained any such expert, but reserves the right to call an expert and supplement this response.**

<u>**REQUEST FOR PRODUCTION NO. 8**</u>:

Produce all documents relating to Google Trends searches that you, or others working with you, formulated and executed when researching the frequency of Google searches relating to "Carrier," "Richard Carrier," "Dr. Richard Carrier," "Dr. Carrier" or any other permutation of "Carrier" but which you did not file along with your Opposition to Defendant's Motion to

21

Dismiss, including the results of those searches.

**ANSWER**:

> **OBJECTION. This Request for Production is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

> **By way of further objection, this Request for Production seeks information that is highly confidential, highly proprietary, trade secret, and that may be privileged.**

> **Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

> **The Plaintiff expressly reserves the right to supplement this response when the Court rules on Plaintiff's objections.**

**REQUEST FOR PRODUCTION NO. 9**:

Produce any documents you or others working with you reviewed to help you understand Google Trends, how to effectively use Google Trends, or how to interpret data from Google Trends.

**ANSWER**:

> **Documents responsive to this Request are enclosed with this response.**

**REQUEST FOR PRODUCTION NO. 10**:

Produce all documents that demonstrate that Dr. Myers knew you were domiciled in Ohio at the time he published the article you attached as Exhibit 1 to your Complaint.

**ANSWER**:

> **OBJECT to form. Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**REQUEST FOR PRODUCTION NO. 11**:

Produce all documents that demonstrate that Stephane [Stephanie] Zane [Zvan] knew you were domiciled in Ohio at the time she published the article you attached as Exhibit 2 to your Complaint.

**ANSWER**:

**OBJECT to form.  Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**REQUEST FOR PRODUCTION NO. 12**:

Produce all documents that demonstrate that Lauren Lane knew you were domiciled in Ohio at the time she published the article you attached as Exhibit 3 to your Complaint.

**ANSWER**:

**OBJECTION.  This Request for Production is overly broad.  Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff that demonstrate Ms. Lane knew Plaintiff was domiciled in Ohio are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**REQUEST FOR PRODUCTION NO. 13**:

Produce all documents that demonstrate that Amy Frank-Skiba knew you were domiciled in Ohio at the time she published the article you attached as Exhibit 4 to your Complaint.

**ANSWER**:

> **OBJECT to form. Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

> **The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**REQUEST FOR PRODUCTION NO. 14**:

Produce all documents that demonstrate that anyone on the Freethought Blog Ethics Committee knew you were domiciled in Ohio at the time they published the statement you attached as Exhibit 5 to your Complaint.

**ANSWER**:

> **There are no documents responsive to this Request for Production in the possession, custody, or control of the Plaintiff.**

> **The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**REQUEST FOR PRODUCTION NO. 15**:

Produce all documents that demonstrate that Stephane [Stephanie] Zane [Zvan] knew you were domiciled in Ohio at the time she published the July 30, 2017 follow up article you attached as Exhibit 17 to your Complaint.

**ANSWER**:

> **OBJECT to form. Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**
>
> **The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**REQUEST FOR PRODUCTION NO. 16**:

Produce all documents that demonstrate that Amy Frank-Skiba knew you were domiciled in Ohio at the time she published the GoFundMe campaign you attached as Exhibit 18 to your Complaint.

**ANSWER**:

> **OBJECT to form. Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**
>
> **The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**REQUEST FOR PRODUCTION NO. 17**:

Produce all documents that you referenced and/or relied upon to answer Defendants' First

Set of Jurisdictional Interrogatories to Plaintiff Dr. Richard Carrier.

**ANSWER**:

**OBJECT to form.  Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**REQUEST FOR PRODUCTION NO. 18**:

Produce all documents that you referenced and/or relied upon to respond to Defendants'

First Set of Jurisdictional Requests for Admission to Plaintiff Dr. Richard Carrier.

**ANSWER**:

**OBJECT to form.  Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**REQUEST FOR PRODUCTION NO. 19**:

Produce all documents that you referenced and/or relied upon in the creation of your

affidavit, appearing at Doc. No. 17-1.

**ANSWER**:

**OBJECT to form.  Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response with facts, documents, and information uncovered during the discovery process.**

**REQUEST FOR PRODUCTION NO. 20**:

Produce all documents sufficient to evidence the sources and amounts of your income, by month, from January 1, 2010, to the present.

**ANSWER**:

**OBJECTION. This Request for Production is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**By way of further objection, this Request for Production seeks information that is highly confidential, highly proprietary, trade secret, and that may be privileged.**

**Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response when the Court rules on Plaintiff's objections.**

**REQUEST FOR PRODUCTION NO. 21**:

Produce all documents that demonstrate that your domicile, between the dates of April 2016 through present, such as but not limited to, rent or mortgage bills/receipts from any state, utility bills you have paid or currently pay in any state, and/or current driving and vehicle records.

**ANSWER**:

**OBJECTION. This Request for Production is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**By way of further objection, this Request for Production seeks information that is highly confidential, highly proprietary, trade secret, and that may be privileged.**

**Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response when the Court rules on Plaintiff's objections.**

**REQUEST FOR PRODUCTION NO. 22**:

Produce all documents, such as but not limited to, emails, reports, letters, text messages, and/or social media messages, that demonstrate your intent to move the State of Ohio.

**ANSWER**:

**OBJECTION. This Request for Production is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**By way of further objection, this Request for Production seeks information that is highly confidential, highly proprietary, trade secret, and that may be privileged.**

**Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response when the Court rules on Plaintiff's objections.**

**REQUEST FOR PRODUCTION NO. 23**:

Produce all documents related to your travel itineraries between the dates of April 2016 through present, such as but not limited to airline tickets, hotel receipts, gas receipts (if driving for the express purpose of leaving or arriving in the State of Ohio), emails, social media messages, and/or text messages related to travel during this time period.

**ANSWER**:

**OBJECTION.  This Request for Production is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**By way of further objection, this Request for Production seeks information that is highly confidential, highly proprietary, trade secret, and that may be privileged.**

**Subject to, and without waiving the foregoing objection, responsive, non-privileged documents in the possession, custody, or control of the Plaintiff are enclosed with this response.**

**The Plaintiff expressly reserves the right to supplement this response when the Court rules on Plaintiff's objections.**

<u>REQUESTS FOR ADMISSIONS</u>

**REQUEST NO. 1**:

Admit that on your blog entry dated June 15, 2016 you wrote, "I am not an employee of either Camp Quest of the SSA, or any of their affiliates. Nor am I on their boards of directors or speakers' bureaus. I have rarely even volunteered for them."

**RESPONSE**:

> **OBJECTION.  This Request is vague and ambiguous.  Subject to the foregoing objection, Plaintiff responds to Request No. 1 as follows:**
>
> **Admit with regard to the content of Plaintiff's blog entry dated Jun 15, 2016, as all such blog entries are public record.  Plaintiff has on many occasions been hired as a contractor by Camp Quest and/or the SSA and/or their affiliates.**

**REQUEST NO. 2**:

Admit that the statement "I am not an employee of either Camp Quest of the SSA, or any of their affiliates. Nor am I on their boards of directors or speakers' bureaus. I have rarely even volunteered for them," with "I" referring to You, was true on June 15, 2016.

**RESPONSE**:

> **OBJECTION.  This Request is vague and ambiguous.  Subject to the foregoing objection, Plaintiff responds to Request No. 2 as follows:**
>
> **Admit with regard to the content of Plaintiff's blog entry dated Jun 15, 2016, as all such blog entries are public record.  Plaintiff has on many occasions been hired as a contractor by Camp Quest and/or the SSA and/or their affiliates.**

**REQUEST NO. 3**:

Admit that you have no formal training relating to Google Trends.

**RESPONSE**:

**Admit as such pertains to formal training.**

**REQUEST NO. 4**:

Admit that you have no direct knowledge that Dr. Myers knew you were domiciled in

Ohio at the time he published the article you attached as Exhibit 1 to your Complaint.

**RESPONSE**:

**OBJECT TO FORM. Subject to stated objection, Plaintiff is unable to admit or deny this Request. Plaintiff submits he published multiple announcements concerning his move to Ohio to Dr. Myers' blog network, Freethought Blogs, and Plaintiff expected Dr. Myers to be aware of said fact. Plaintiff further submits that he directly informed Dr. Myers of having relocated to Ohio during a phone call on or about June 21, 2016, in which Plaintiff also warned Dr. Myers of imminent legal action pursuant to Dr. Myers' article if not retracted.**

**REQUEST NO. 5**:

Admit that you have no direct knowledge that Stephane [Stephanie] Zane [Zvan] knew you

were domiciled in Ohio at the time she published the article you attached as Exhibit 2 to your

Complaint.

**RESPONSE**:

**OBJECT TO FORM. Subject to stated objection, Plaintiff is unable to admit or deny this Request. Plaintiff submits, according to documents produced in response to Plaintiff's Requests for Production, Defendant Zvan was directly informed of Plaintiff's move to Ohio by Greta Christina, fellow owner and operator of The Orbit, by or before June 24, 2016. Plaintiff further submits Greta Christina had personal knowledge of Plaintiff's move to Ohio.**

**REQUEST NO. 6**:

Admit that you have no direct knowledge that Lauren Lane knew you were domiciled in

Ohio at the time she published the article you attached as Exhibit 3 to your Complaint.

**RESPONSE**:

**OBJECT TO FORM.  Subject to stated objection, Plaintiff is unable to admit or deny this Request.  Plaintiff submits, Defendant Lane received a cease & desist letter, dated July 26, 2016, from Plaintiff's law firm in the State of Ohio.  Through counsel, on September 01, 2016, Defendant Lane addressed her response to Plaintiff's law firm at 7240 Muirfield Drive, Suite 120, Dublin, Ohio 43017.**

**REQUEST NO. 7**:

Admit that you have no direct knowledge that Amy Frank-Skirba [Frank-Skiba] knew you

were domiciled in Ohio at the time she published the article you attached as Exhibit 4 to your

Complaint.

**RESPONSE**:

**OBJECT TO FORM.  Subject to stated objection, Plaintiff is unable to admit or deny this Request.  Plaintiff submits, according to responses to  Plaintiff's Discovery Requests, Defendant Frank-Skiba admitted to searching the Internet, and Plaintiff's Facebook® posts for Plaintiff's speaking engagements.  Plaintiff further submits, according to responses to Plaintiff's Discovery Requests, Defendant Frank-Skiba was so familiar with Plaintiff's Facebook® wall, such that she reacted to an erroneous announcement concerning Plaintiff's affiliation with Camp Quest.  Plaintiff submits, concurrently and conspicuously displayed on his Facebook® wall were numerous announcements regarding his relocation to Ohio.**

**REQUEST NO. 8**:

Admit that you have no direct knowledge that anyone on the Freethought Blog Ethics

Committee knew you were domiciled in Ohio at the time they published the statement you

attached as Exhibit 5 to your Complaint.

**RESPONSE**:

> **OBJECT TO FORM.  Subject to stated objection, Plaintiff is unable to admit or deny
> this Request.  Plaintiff submits he published multiple announcements concerning his
> move to Ohio to Freethought Blogs, and Plaintiff expected the acting CEO, Dr. Myers,
> to be aware of said fact.  Plaintiff further submits that he directly informed CEO
> Myers of having relocated to Ohio during a phone call on or about June 21, 2016,
> in which Plaintiff also warned CEO Myers of imminent legal action pursuant to CEO
> Myers' article if not retracted.**

**REQUEST NO. 9**:

Admit that you have no direct knowledge that Stephane [Stephanie] Zane [Zvan] knew you

were domiciled in Ohio at the time she published the July 30, 2017 [2016] follow up article you

attached as Exhibit 17 to your Complaint.

**RESPONSE**:

> **Deny.  Plaintiff submits, according to documents produced in response to
> Plaintiff's Requests for Production, Defendant Zvan was directly informed of
> Plaintiff's move to Ohio by Greta Christina, fellow owner and operator of The Orbit,
> by or before June 24, 2016, well before Defendant Zvan published her July 30, 2016
> follow up article.  Plaintiff further submits Greta Christina had personal knowledge of
> Plaintiff's move to Ohio.**

**REQUEST NO. 10**:

Admit that you have no direct knowledge that Amy Frank-Skiba knew you were domiciled in Ohio at the time she published the GoFundMe campaign you attached as Exhibit 18 to your Complaint.

**RESPONSE**:

**OBJECT TO FORM.  Subject to stated objection, Plaintiff is unable to admit or deny this Request.  Plaintiff submits, according to responses to  Plaintiff's Discovery Requests, Defendant Frank-Skiba admitted to searching the Internet, and Plaintiff's Facebook® posts for Plaintiff's speaking engagements.  Plaintiff further submits, according to responses to Plaintiff's Discovery Requests, Defendant Frank-Skiba was so familiar with Plaintiff's Facebook® wall, so as to respond to an erroneous announcement concerning Plaintiff's affiliation with Camp Quest.  Plaintiff submits, concurrently and conspicuously displayed on his Facebook® wall were numerous announcements regarding his relocation to Ohio, well prior to Defendant Frank-Skiba's GoFundMe campaign, initiated on or around August 01, 2016.**

**REQUEST NO. 11**:

Admit that you have taken steps to deliberately change your Google search rankings to attempt to improve your search rankings in the State of Ohio.

**RESPONSE**:

**Deny.**

34

**REQUEST NO. 12**:

Admit that between the dates of April 2016 through September 2016, you conducted

multiple searches of the name "Richard Carrier", or any other permutation of "Carrier", in

Google trends with different date ranges, meaning you did not limit yourself to making a single

search one time with the date range of 7-12-16 through 8-12-16.

**RESPONSE**:

**Admitted in part and denied in part. Admitted that Plaintiff verified the Google[®]
Trends results on August 12, 2016. Plaintiff submits, after March, and before
November of 2016, he only generated such reports as of August 12, 2016, and he
generated only nominal reports in order to decipher Google's[®] standard search
parameters and metrics.**

**REQUEST NO. 13**:

Admit that you are not the only person named "Richard Carrier" residing in the state of

Ohio.

**RESPONSE**:

**OBJECT TO FORM. Subject to stated objection, admitted. Plaintiff submits he is the
only person named "Richard Carrier" residing in Ohio for whom any search results
appear on Google[®] up to ten pages deep. Plaintiff further submits he knows of no
other person named "Richard Carrier" residing in Ohio widely enough known for
users of Google[®] Trends to generate metrics consistent with responsive documents
enclosed with this Discovery Request.**

**Plaintiff further submits, in any event, a search for "Richard Carrier," whether or
not intended as to the Plaintiff, returns results containing multiple instances of
Defendants' false and defamatory statements concerning the Plaintiff.**

**REQUEST NO. 14**:

Admit that between the dates of 2007 through 2017 there have been multiple people named Richard Carrier residing in the state of Ohio.

**RESPONSE**:

**OBJECT TO FORM. Subject to stated objection, admitted. Plaintiff submits he is the only person named "Richard Carrier" residing in Ohio for whom any search results appear on Google® up to ten pages deep. Plaintiff further submits he knows of no other person named "Richard Carrier" residing in Ohio widely enough known for users of Google® Trends to generate metrics consistent with responsive documents enclosed with this Discovery Request.**

**REQUEST NO. 15**:

Admit that at the time you filed your complaint you knew Defendant Lauren Lane blocked you on social media.

**RESPONSE**:

**Cannot admit or deny. This Request seeks as admission outside of the personal knowledge of the responding party.**

**REQUEST NO. 16**:

Admit that in 2016 you stated on your Facebook "About" page, "Sadly, I'm much too busy to hang out here much. But I have to maintain a FaceBook (sic) page to prevent malicious hacks from pretending to be me."

**RESPONSE**:

**OBJECT TO FORM. Subject to stated objection, admitted.**

**REQUEST NO. 17**:

Admit that you check Facebook less than once a month.

**RESPONSE**:

**Deny.**

**REQUEST NO. 18**:

Admit that you check Facebook less than once a week.

**RESPONSE**:

**Deny.**

**REQUEST NO. 19**:

Admit that you do not check Facebook every day.

**RESPONSE**:

**OBJECT TO FORM.  Subject to stated objection, admitted in part and denied in part. Plaintiff submits he may not check Facebook® "*every*" day, but does so most usual days.**

**REQUEST NO. 20**:

Admit that on the events with Richard Carrier calendar on your website for May of 2016, you stated that you would be in Eureka, CA; Stockton, CA; Orlando, FL; and San Francisco, CA.

**RESPONSE**:

**OBJECT TO FORM.  Request No. 20 is not relevant.**

**Subject to stated objection, admitted.  Plaintiff submits the calendar at issue appears within a webpage *subsequent to* an announcement concerning Plaintiff's residence in Ohio, as has been the case since before June 2016.  Plaintiff further submits the calendar does not say in what state Plaintiff was *except* for days he had a scheduled event, or was unavailable for an event.**

**REQUEST NO. 21**:

Admit that on the events with Richard Carrier calendar on your website for June of 2016, you stated that you would be in Stockton, CA; Washington, DC; Columbus, OH; and Beach Park, IL.

**RESPONSE**:

**OBJECT TO FORM.  Request No. 21 is not relevant.**

**Subject to stated objection, admitted in part and denied in part.  Admitted as to Stockton, CA; Columbus, OH; and as to Beach Park, IL.  Denied as to Washington, D.C.  Plaintiff submits the calendar for June 2016 indicated the Plaintiff was in Columbus, while *watching* a live event in Washington, D.C. (not *in* Washington, D.C.)**

**REQUEST NO. 22**:

Admit that on the events with Richard Carrier calendar on your website for July of 2016, you stated that you would be in Columbus, Ohio for a few days only during the third week of June for the purpose of appearing on a podcast.

**RESPONSE**:

**OBJECT TO FORM.  Request No. 22 is not relevant.**

**Subject to stated objection, denied.  Plaintiff submits the calendar at issue indicates a podcast occurring in *June* 2016 (not July), and is not the only event or unavailability in June 2016 for which the calendar indicates the Plaintiff's location as Columbus, Ohio. Plaintiff further submits the calendar does not say in what state he was *except* for days he was doing a scheduled event or was unavailable for an event.**

**REQUEST NO. 23**:

Admit that on the events with Richard Carrier calendar on your website for July of 2016, you stated that you would be in Beach Park, IL and did not announce that you would be in any other location besides Beach Park, IL.

**RESPONSE**:

**OBJECT TO FORM.  Request No. 23 is not relevant.**

**Subject to stated objection, denied.  Plaintiff submits the calendar at issues does not indicate said event in July 2016, but in June 2016.  Plaintiff further submits the calendar at issue accurately indicates Plaintiff's unavailability on multiple dates in June 2016, for which Plaintiff's location is identified as Columbus, Ohio, as well as indicating one event in June 2016, for which Plaintiff's location is identified as Columbus, Ohio.  Plaintiff further submits the calendar does not indicate in what state he was *except* for days he was doing a scheduled event or was unavailable for an event.**

**REQUEST NO. 24**:

Admit that on the events with Richard Carrier calendar on your website for August of 2016, you did not announce any events in the state of Ohio.

**RESPONSE**:

**OBJECT TO FORM.  Subject to stated objection, admitted.  Plaintiff submits, but for Defendants' false and defamatory statements published in June and July 2016, Plaintiff would have otherwise procured paid events in Ohio during August 2016.**

**REQUEST NO. 25**:

Admit that on the events with Richard Carrier calendar on your website for September of 2016, you stated that you would be in Milwaukee, WI and did not announce that you would be in any other location besides Milwaukee, WI.

**RESPONSE**:

> **OBJECT TO FORM.  Subject to stated objection, admitted.  Plaintiff submits, but for Defendants' false and defamatory statements published in June and July 2016, Plaintiff would have procured additional paid events during September 2016.**

**REQUEST NO. 26**:

Admit that on the events with Richard Carrier calendar on your website between the dates of May 2016 through September 2016 you only announced one event in Ohio, the aforementioned podcast appearance in Columbus, OH.

**RESPONSE**:

> **OBJECT TO FORM.  Request No. 26 is not relevant.**
>
> **Subject to stated objection, denied.  Plaintiff submits the calendar at issue does not indicate, nor did it ever indicate, only one event in Ohio between May and September 2016.  Plaintiff submits the calendar at issue indicated one scheduled event at The Space, and two entries indicating unavailability (one being the aforementioned podcast, the other the aforementioned viewing of broadcast from Washington D.C.), in June 2016, with all three entries indicating Plaintiff's location as Columbus, Ohio.**

**AS TO ALL OBJECTIONS**:

_____

Jeffrey T. Perry (0088989)


Respectfully submitted,

/s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH  43017
(614) 668-8442
(614) 675-2210  fax
_jeff@campbellperrylaw.com_

_Counsel for Plaintiff_
Dr. Richard Carrier, Ph.D.

## <u>VERIFICATION</u>

I, DR. RICHARD CARRIER, hereby certify that the answers to the foregoing Interrogatories are true and accurate according to my first-hand knowledge.


_____
DR. RICHARD CARRIER, PH.D.


Sworn to and subscribed in my presence this _____'th day of <u>November</u>, 2017.


_____
NOTARY PUBLIC

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this 25'th day of November 2017, a copy of the foregoing was filed using the CM/ECF that will send a notice of electronic filing to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail, postage prepaid.

<div style="margin-left: 40%;">

By:     /s/ Jeffrey T. Perry
Jeffrey T. Perry
Supreme Court No.:  0088989

*Counsel for Plaintiff*
Dr. Richard Carrier, Ph.D.

</div>